1   Luan Kinh Phan
    Mary Claire Phan
2   In Pro Per
    5885 W. 74th Street
3   Los Angeles, CA  90045
    Telephone (310) 216-6724
4   Facsimile: (310) 943-2126

5

6

7

8                       UNITED STATES DISTRICT COURT

9                          DISTRICT OF ARIZONA

10  PETER STROJNIK, P.C., an Arizona          )     No.
    Corporation; PETER STROJNIK, an           )
11  individual,                               )
                                              )     **NOTICE OF REMOVAL OF**
12                  Plaintiffs,               )     **ACTION UNDER 28 U.S.C.**
                                              )     **§ 1441(B)**
13          v.                                )     **(DIVERSITY)**
                                              )
14  HEART TRONICS, INC., a Delaware           )
    Corporation f/k/a Signalife, Inc.; JOSEPH )
15  CYRIL MAJER, II, an individual d/b/a THE  )
    LAW OFFICES OF JOSEPH C. MAHER;           )
16  ALICIA DORA MAHER, an individual;         )
    POLLET, RICHARDSON & PATEL, a             )
17  California Law Corporation; LUAN KINH      )
    PHAN, an individual; MARY CLAIRE           )
18  PHAN, an individual; DAVID ZEV             )
    RIBAKOFF, an individual; JANE DOE          )
19  RIBAKOFF, an individual; ABC               )
    DEFENDANTS 1-50                            )
20                                            )
                    Defendants.               )
21  _____ )

22

23

24

25

26

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B) (DIVERSITY)**

1

## NOTICE OF REMOVAL

2  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

3  PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446 and United
4  States District Court Local Rule 2.23, Defendants Luan Kinh Phan and Mary Claire Phan
5  ("the Phans" or "Defendants") hereby remove to this Court, Action No. CV2008-031720
6  pending in the Superior Court of the State of Arizona, County of Maricopa.

7

## BASIS FOR REMOVAL

8  1.      On or about December 15, 2008, an action was commenced in the Superior
9  Court in the State of Arizona in the County of Maricopa, entitled Peter Strojnik, P.C., an
10  Arizona Corporation, Peter Strojnik, an individual v. Heartronics, Inc, et al, Case No. CV
11  2008-031720 (the "State Court Action").

12  2.      The first date upon which Defendants Luan Phan and his wife Mary Phan
13  received a copy of the Complaint was December 22, 2008 when a copy of the Complaint
14  addressed to Mary Phan was delivered to their home in California via certified U.S. mail.
15  Luan Phan also received a copy at his former work address at Richardson Patel LLP on
16  December 23. A copy of the State Court Action Complaint and Summons is attached
17  hereto as Exhibit A.

18  3.      This action is a civil action over which the Court has original jurisdiction
19  under 28 U.S.C. § 1332, and is one that may be removed to this Court by Defendants
20  pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between
21  citizens of different states and the amount in controversy exceeds the sum of $75,000,
22  exclusive of interest and costs, based on the following:

23  4.      The Complaint alleges that Plaintiffs Peter Strojnik, P.C. and Peter Strojnik,
24  an individual, are residents of the State of Arizona (Complaint, ¶¶ 1 & 2). None of the
25  Defendants are citizens of the State of Arizona. The Complaint expressly alleges that all
26  the defendants are residents of other states. (Complaint, ¶¶ 3 - 10).

2

1      5.     The Complaint also alleges damages in excess of $5,000,000, substantially

2   in excess of the jurisdictional minimum for diversity jurisdiction. (Complaint, ¶¶ 52 &

3   57).

4      6.     Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders, and other

5   filings in the State Court Action are attached to this Notice.

6      7.     Pursuant to 28 U.S.C. § 1441(a), Defendants remove this action to the

7   United States District Court for the District of Arizona, located at Sandra Day O'Connor

8   U.S. Courthouse, 401 W. Washington Street, Suite 130, SPC 1, Phoenix, AZ 85003-2118,

9   because this district and division embrace the place where the removed action has been

10   pending.

11     8.     Defendants will promptly file a copy of this Notice of Removal with the

12   clerk of the state court where the State Court Action has been pending.

13     9.     The Phans are informed and believe that all other Defendants will consent to

14   the removal of this action.

15                                **CONCLUSION**

16       WHEREFORE, Defendants, in conformance with the requirements set forth in 28

17   U.S.C. § 1332(a) and (c)(1), 28 U.S.C. § 1441(a), and 28 U.S.C. § 1446(b), remove this

18   action for trial from the state court.

19

20

21

22

23

24

25

26

3

1    DATED this _20th_ day of _J AN_, 2009

2

3                                    By _____

4                                          Luan K. Phan

5

6

7                                    By _Mary Phan_____

                                         Mary Claire Phan

8

9

10   COPY of the foregoing
     mailed and emailed this _20th_ day of
11   January, 2009 to:

12   Peter Kristofer Strojnik, Esq.
13   The Law Firm of Peter K. Strojnik
     3030 North Central Avenue, Suite 1401
14   Phoenix, Arizona 85012
     pksesq@aol.com
15

16

17

18

19

20

21

22

23

24

25

26

                                    4

# EXHIBIT A

Peter Kristofer Strojnik, Esq.
California State Bar No. 242728
Arizona State Bar No. 026082
THE LAW FIRM OF PETER K. STROJNIK
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Telephone: 602-297-3019
Facsimile: 602-264-1441
Email: pksesq@aol.com

Attorney for Plaintiffs

COPY

DEC 1 5 2008

MICHAEL K. JEANES, CLERK
A. JAMES
DEPUTY CLERK

## IN THE SUPERIOR COURT IN THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

CV2008-031720

| | | |
|---|---|---|
| PETER STROJNIK, P.C., an Arizona Corporation; PETER STROJNIK, an individual, | ) NO. ) ) ) | |
| Plaintiffs, | ) ) | **COMPLAINT FOR DAMAGES** |
| | ) | **[Abuse of Process]** |
| vs. | ) ) | **[Civil Conspiracy]** |
| HEART TRONICS, INC., a Delaware Corporation f/k/a Signalife, Inc.; JOSEPH CYRIL MAHER, II, an individual d/b/a THE LAW OFFICES OF JOSEPH C. MAHER; ALICIA DORA MAHER, an individual; POLLET, RICHARDSON & PATEL, a California Law Corporation; LUAN KINH PHAN, an individual; MARY CLAIRE PHAN, an individual; DAVID ZEV RIBAKOFF, an individual; JANE DOE RIBAKOFF, an individual; ABC DEFENDANTS 1-50, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **REQUEST FOR JURY TRIAL** |
| Defendants. | | |

Plaintiff alleges, on Plaintiff's behalf and on behalf of a class of persons defined below, as follows:

## THE PARTIES, JURISDICTION AND VENUE

1) Plaintiff PETER STROJNIK, P.C. ("Strojnik, P.C.") is an Arizona Professional Corporation authorized to and conducting business in Maricopa County, State of Arizona.

2) Plaintiff PETER STROJNIK ("Strojnik") is an individual residing in the County of Maricopa, State of Arizona.

3) Defendant HEART TRONICS, INC. ("Heart Tronics") is a Delaware Corporation authorized to and conducting business in the County of Los Angeles, State of California. Heart Tronics is formerly known as Signalife, Inc., and was said named and incorporated at the time of the events alleged to have caused damages to Plaintiffs herein.

4) Defendant JOSEPH CYRIL MAHER, II ("Maher") is an individual residing in the State of California and is an attorney at law licensed to practice in the State of California. Maher does business as the Law Offices of Joseph C. Maher, which is a law practice.

5) On information, Defendant ALICIA DORA MAHER is an individual residing in the State of California and the wife of Maher.

6) Defendant POLLET, RICHARDSON & PATEL ("Richardson Attorneys") is a California Law Corporation authorized to and conducting business in the States of California and New York. The Richardson Attorneys are attorneys at law specializing in Securities and Exchange Commission regulations. Of relevance in the present action, Luan K. Phan ("Phan") and David Ribakoff ("Ribakoff") are attorneys employed by the Richardson Attorneys. Phan and Ribakoff were the attorneys selected by the Richardson Attorneys to represent Heart Tronics in the Matter.

-2-

7) Defendant LUAN KINH PHAN is an individual residing in the State of California. Defendant Phan is an employee of Defendant Richardson Attorneys.

8) On information, Defendant MARY CLAIRE PHAN is an individual residing in the State of California and the wife of Defendant Luan Kinh Phan.

9) Defendant DAVID ZEV RIBAKOFF is an individual residing in the State of California. Defendant Ribakoff is an employee of Defendant Richardson Attorneys.

10) Defendant JANE DOE RIBAKOFF is an individual residing in the State of California and the wife of Defendant Luan K. Phan.

11) ABC DEFENDANTS 1-50 are the persons and/or entities who are unknown to Plaintiffs, but did in fact cause damages to Plaintiffs and conspired with the named Defendants in causing said damage.

12) This Court has personal jurisdiction over Defendants by virtue of the following facts:

   a) Defendants caused a lawsuit to be filed against Plaintiffs and served on Plaintiffs in the State of Arizona; and

   b) The State of Arizona has interest in providing a forum for its residents, including the Plaintiffs; and

   c) It would be extremely burdensome for Plaintiff to access another forum; and

   d) Defendants purposefully availed themselves of economic benefits and resources of the State of Arizona in conducting their business here by, *inter alia*, serving process in the State of Arizona and suing an Arizona resident; and

   e) Defendants may be hailed in court here under the liberal "effects" test in this tort action; and

-3-

f) Defendants did and should have foreseen being hailed to Court in the State of Arizona.

13) This Court has original jurisdiction.

14) The venue is proper in this County.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

15) Plaintiff realleges all allegations heretofore set forth.

16) On or about November 10, 2008, Signalife, Inc. changed its corporate name to Heart Tronics, Inc.

17) On February 14, 2008, Strojnik, P.C. received an unsolicited facsimile advertisement promoting the publicy-traded stock of Signalife, Inc., SGN (Exhibit 1) ("Exhibit 1 Fax"). At the time of receipt of the Exhibit 1 Fax, SGN was trading on the American Stock Exchange. Signalife was delisted from the AMEX in early September, 2008 and now trades on the Over the Counter Bulletin Board and Pink Sheets under the ticker symbols SGNX and SGAL.

18) In response to the receipt of the Exhibit 1 Fax, Strojnik conducted investigation and research into the identity of the sender of the Exhibit 1 Fax. In an attempt at discovery, on May 28, 2008, Strojnik sent a letter to Signalife requesting information concerning the Exhibit 1 Fax and attempting to resolve what Strojnik believed was a controversy between Signalife and Strojnik's law practice, Peter Strojnik, P.C (the "Letter") (Exhibit 2).

19) Signalife did not communicate to Strojnik in response to the Letter. Instead, on June 12, 2008, Signalife filed a Complaint for Declaratory Relief against Strojnik and Strojnik, P.C. (the "Complaint") (Exhibit 3). The Complaint was filed in Los Angeles County Superior Court under the Cause Number BC392638 (the "Matter"). Signalife promptly and

-4-

personally served the Complaint on Strojnik and Strojnik, P.C. at Plaintiffs' law office located at 3030 North Central Avenue, Suite 1401 in Phoenix, Arizona.

20)The Complaint sought declaratory relief from the Court decreeing that Signalife was not responsible for the sending of the Exhibit 1 Fax.

21)At the time Signalife filed the Complaint, it knew that Strojnik was an Arizona resident. At the time Signalife filed the Complaint, Signalife and its agents knew that Strojnik, P.C. was an Arizona Professional Corporation with its principal place of business located in the County of Maricopa, State of Arizona. At the time Signalife filed the Complaint, they and their agents knew that Strojnik did not have such minimum contacts with the State of California such that a California County Superior Court, *or any California court*, could exercise personal jurisdiction over Strojnik or Strojnik, P.C.

22)Prior to filing the Complaint, Signalife or its agents did not research Strojnik to determine whether he had sufficient contacts with the State of California such that its Courts could exercise personal jurisdiction over him and the business.

23)Prior to filing the Complaint, Signalife or its agents did not conduct the legal research to discover whether the type of letter Strojnik sent to Signalife was not sufficient under the specific jurisdiction federal and state tests.

24)On June 20, 2008, Strojnik engaged the services of his son, Peter K. Strojnik ("Junior Strojnik"), who is licensed to practice law in the State of California, to defend Strojnik and Strojnik, P.C. against the Complaint. The Junior Strojnik and Strojnik entered into an Agreement whereby Strojnik would pay Junior Strojnik $350.00 per hour for the latter's defense of Strojnik and Strojnik, P.C. in the Complaint.

-5-

25) On June 23, 2008, after conducting extensive research on personal jurisdiction law and after conferencing with Strojnik, Junior Strojnik prepared a three-page letter addressed to Phan, attorney for Signalife, in which Junior Strojnik related Strojnik's lack of contacts with the State of California and set forth the multiple cases stating that a single letter does not give a Court personal jurisdiction over Strojnik or Strojnik, P.C. (the "6-23-08 Letter") (Exhibit 4). The 6-23-08 Letter had attached the Declaration of Strojnik relating to his lack of contacts with the State of California. The purpose of the 6-23-08 Letter was to request Signalife dismiss its lawsuit against Strojnik and Strojnik, P.C.

26) As of June 23, 2008, Signalife and its agents knew that the Junior Strojnik had a similar name to Strojnik except that Junior Strojnik has a middle initial – "K", to wit: Peter Strojnik (Father), Peter K. Strojnik (Son).

27) Phan and Ribakoff, the Richardson Attorneys, did not respond to the Junior Strojnik's 6-23-08 Letter on behalf of Signalife. Consequently, the Junior Strojnik, on behalf of Strojnik and Strojnik, P.C., prepared, filed and served a Motion to Quash Service of Summons on July 11, 2008 on Signalife and its attorneys.

28) In response to the Motion to Quash, Phan and Ribakoff, on behalf of Siganlife, filed an Ex Parte Application For a 75-Day Continuance of the August 8, 2008 Hearing Date on Defendants' Motion To Quash Service of Summons (the "Ex Parte Request") (Exhibit 5). The hearing on the Ex Parte Request was set for July 17, 2008.

29) The factual basis for the Ex Parte Request was as follows:

-6-

a) That Strojnik has resided and/or owned property in the State of California, which was based on a Westlaw "People Finder Historic Tracker Record". This Westlaw document had three entries, to wit:

**ENTRY 1**

i) Name:                    PETE STRONJNIK [sic]

    Also Known As:       STROJNIK, PETER K

    SSN:                 601-07-XXXX

    On File Since:        10/01/1998

    Current Address:     590 LAFAYETTE ST

                                SANTA CLARA, CA 95050-4914

**ENTRY 2**

ii) Head of Household:   MR PETER STROJNIK

    Marital Status:      SINGLE

    Address:           152 N 3RD ST

                                SAN JOSE, CA 95112-5560

    Telephone:         408-297-5300

**ENTRY 3**

iii) Name:                 PETER K STROJNIK

    Also Known As:       STROJNIK, PETER

    SSN:                 526-13-XXXX

    Current Address:     3030 N CENTRAL AV 1500

                                PHOENIX, AZ 85012-2750

30) At the time of the Ex Parte Request, Signalife and its agents knew that the Junior Strojnik had a similar name to Strojnik. Junior Strojnik explained to the Court and all parties at the Ex Parte Request that the California addresses set forth on the Westlaw document belonged to him, and not Strojnik.

31) At the time of the Ex Parte Request, Signalife and its agents knew that the Junior Strojnik's social security number was 601-07-XXX and Strojnik's social security number was 526-13-XXXX.

32) Prior to the Ex Parte Request, Signalife or its agents did not telephone the telephone number 408-297-5300. Had they done so, Defendants would have known that that California telephone number belonged to the Junior Strojnik's old law firm, Friedland, Rivas & Associates. Junior Strojnik advised the Court and all parties at the Ex Parte Request that was the case.

33) At the hearing on the Ex Parte Request, the Junior Stronik notified the Court that it was he who had lived in the State of California when he went to undergraduate school there. The Junior Strojnik also offered Ribakoff the opportunity to depose Strojnik the next day. Ribakoff declined in open court.

34) The Honorable Robert Hess, judge presiding over the Matter, partially granted the Ex Parte Request permitting Signalife and their agents to conduct jurisdictional discovery only. Judge Hess ordered the parties to appear at the new hearing on the Motion to Quash for September 22, 2008.

35) At the Ex Parte Request, Judge Hess stated the following paraphrased language concerning the Complaint:

-8-

a) "Why are we here?"

b) "...rethink whether this case ought to go forward."

c) "If you don't come up with anything [(anything meaning contacts during jurisdictional discovery)], maybe you oughta dismiss this case."

d) "I want work that is necessary, not unnecessary work."

e) "I foresee a motion that would require Heart Tronics to pay substantial attorney's fees."

36) Approximately 30 minutes following the Ex Parte Request, the Junior Strojnik faxed a letter to Ribakoff and Phan requesting Signalife dismiss the Complaint against Strojnik. They did not respond.

37) Between the date of the Ex Parte Request and the new hearing, Signalife or its agents did not depose Strojnik. Strojnik, through his agent Junior Strojnik, offered Signalife multiple opportunities to depose Strojnik. Signalife or its agents never deposed Strojnik.

38) On or about September 3, 2008, Signalife substituted the Richardson Attorneys with Joseph C. Maher, II.

39) On or about September 5, 2008, Maher sent to the Junior Strojnik a Notice of Deposition of Strojnik set for September 26, 2008, which was four days following the hearing on the Motion to Quash Service.

40) In response to the Notice of Deposition, the Junior Strojnik offered Maher to depose Strojnik on September 17, 18, 19, 20, 21, 2008 (Exhibit 6). Maher never responded to the Junior Strojnik's offer to take Strojnik's deposition before the hearing on the Motion to Quash.

-9-

41)On the morning of September 22, 2008, the day of the hearing on the Motion to Quash, Signalife, through its agent Maher, filed an Objection to Judge Presiding At Trial and For All Purposes Disqualification of Judge (Exhibit 7).

42)At the hearing on the Motion to Quash, Judge Hess continued the hearing to October 16, 2008 due to Signalife's emergency attempt to disqualify Judge Hess. The purpose of the continuance was so that Judge Hess could rule on Signalife attempt to disqualify him.

43)On September 22, 2008, Maher emailed the Junior Strojnik stating that he would no longer be taking the deposition of Strojnik on September 26, 2008. Maher never intended to depose Strojnik.

44)Between the dates September 22, 2008 and the October 16, 2008 hearing on the Motion to Quash, Signalife or its agents did not take the deposition of Strojnik. At no time did Signalife or its agents have any intention of deposing Strojnik.

45)At the October 16, 2008 hearing on the Motion to Quash, Signalife, Maher, or its agents did not appear at the hearing notwithstanding notice given by Judge Hess at the September 22, 2008 hearing. Judge Hess granted Strojnik's Motion to Quash. The Junior Strojnik prepared a Notice of Ruling and submitted it to the Court and Maher (Exhibit 8).

46)On October 21, 2008, Maher telephoned the Junior Strojnik. Maher asked whether a Complaint concerning the Exhibit 1 Fax had been filed against Signalife yet. Maher also asked when Judge Hess granted Strojnik and Strojnik, P.C.'s Motion to Quash. The Junior Strojnik replied that it was granted at the hearing on October 16, 2008. Maher claimed that he did not know there was a hearing on October 16, 2008. Maher asked how the Junior

-10-

1  Strojnik knew. The Junior Strojnik replied Judge Hess set the hearing at the September 22,

2  2008, the same hearing at which Maher was present and waived formal notice.

3  47)Maher and Signalife knew there was a hearing on October 16, 2008 but intentionally failed

4  to appear.

5

6  **COUNT ONE**
   (Abuse of Process)
7  (All Defendants)

8  48)Plaintiff realleges all allegations heretofore set forth.

9  49)Defendants engaged in willful acts in the use of the judicial process.

10 50)Defendants engaged in the willful acts in the use of the judicial process for an ulterior

11 purpose not proper in the regular conduct of the proceedings.

12

13 51)As a proximate result of Defendants' acts in the Matter, Plaintiffs have suffered harm and

14 attorneys' fees for the sum of $22,000.00 and loss of time, pain, suffering, fear, and other

15 damages.

16 52)Defendants' conduct was intentional and premeditated, intended to unjustly benefit

17 Defendants at the expense of Plaintiffs, entitling Plaintiff to punitive damages in an amount

18

19 sufficient to deter these Defendants and others similarly situated from repeating or

20 committing the wrongful acts complained of herein, but in no event less than $5,000,000.00

21 each.

22

23 **COUNT TWO**
   (Civil Conspiracy)
   (All Defendants)

24

25 53)Plaintiff realleges all allegations heretofore set forth.

-11-

54)Defendants agreed among themselves to engage in a course of conducting involving a violation of the common law tort of abuse of process.

55)Defendants agreed to accomplish an unlawful purpose or to accomplish a lawful object by unlawful means, causing damages to the Plaintiffs.

56)As a proximate result of Defendants' civil conspiracy acts, Plaintiffs have suffered harm and attorneys' fees for the sum of $22,000.00 and loss of time, pain, suffering, fear, and other damages.

57)Defendants' conduct was intentional and premeditated, intended to unjustly benefit Defendants at the expense of the Plaintiffs, entitling Plaintiffs to punitive damages in an amount sufficient to deter these Defendants and others similarly situated from repeating or committing the wrongful acts complained of herein, but in no event less than $5,000,000.00 each.

## REQUEST FOR TRIAL BY JURY

58)Plaintiff requests a trial by a jury on all issues triable by a jury.

## RELIEF SOUGHT

Plaintiff prays for relief as follows:

a) For judgment in the amount not less than $22,000.00 for damages proximately caused by Defendants to be proven at the time of trial;

b) For damages for loss of time, pain, suffering, fear, and other damages as reasonably determined by a jury, but in no event less than $500,000.00.

c) For punitive damages for a sum to be proven at trial, but in no event less than $5,000,000.00 for each Defendant;

-12-

d) For judgment for costs and fees incurred in connection with this action, including

reasonable attorneys' fees, expert witness fees, and other costs, as provide by law; and

e) For such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED this 12th day of December, 2008.

THE LAW FIRM OF PETER K. STROJNIK

By: Peter Kristofer Strojnik
Attorney for the Plaintiff

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# EXHIBIT 1

# TRIPLE PLAY STOCK ALERT!!

**February 2008**

## SIGNALIFE, INC.

AMEX: SGN
Recent Price: $.75
AVG. VOL. 205,000 (90 DAY)

**PATENTED SIGNAL TECHNOLOGY IN DIAGNOSTIC TESTING AND MONITORING OF PATIENTS!**

Recipient of the Frost & Sullivan Technological
Innovation Award for 2006!! (Source: News 1/14/08)

Don't Listen To Us- GO TO YOUR FAVORITE FINANCIAL WEBSITE…
READ THE NEWS ON THIS STOCK NOW!!! RIGHT NOW!!!

Signalife & Athletes Foundation Dispatch Mobile Health Center to Super Bowl!

NFL Hall of Fame Legend Michael Irvin Joins Signalife-AFL Cardiovascular
Protection Team!

Signalife Receives FDA Clearance for OTC Non-Prescription Event Recorder
Device!

ABOUT SIGNALIFE:

Signalife, Inc. is a life sciences company focused on the monitoring and
detection of disease through continuous biomedical signal monitoring. Signalife uses its
patented signal technology to design and develop medical devices that simplify and
reduce the costs of diagnostic testing and patient monitoring in an ambulatory setting.
Clear Data. Trusted Results. (Source: News 1/30/08)

FINAL THOUGHTS:

Could Signalife redefine how an industry works? Is that how big money is
made, finding undiscovered gems BEFORE the crowd rushes in?

COULD THIS STOCK TRIPLE FROM HERE? WHAT WOULD YOU DO WITH ALL THOSE
JUICY PROFITS?? GO LOOK AT THE CHART! DO YOU SEE ACCUMULATION?
THE ALERT IS ON!!! WATCH THIS STOCK TRADE!

# GO SGN!!!

Information herein may be forward looking within the meaning of Section 27A of the Securities Act of 1933 and Section 21B of the SEC Act of 1934. Statements involving discussions of future events. Don't rely on them to make a decision. Past performance isn't indicative of future results. SGN is a reporting company. SGN may be delisted from Amex. SGN has: an accumulated deficit, negative operating cash flow, related party transactions, no revenues in its recent quarter and the stock float is increasing. It isn't a revenue producing company. We received 200,000 free trading shares from a non-affiliate. We intend to sell all 200,000 shares now, which could cause the stock to go down, resulting in losses for you. We paid $33750 to send this report. SGN is a high risk stock. WARNING: You can lose money buying SGN. This report shall not be taken as investment advice or solicitation. URGENT: Please read SGN's SEC filings before you invest.

If you received this fax in error, and would like to be removed permanently from our established contact database,
Please call **1-877-283-0449**.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# EXHIBIT 2

Peter Strojnik                              Page 1                              5/28/2008

THE LAW FIRM OF
# PETER STROJNIK
ATTORNEY AT LAW

May 28, 2008

Dr. Lowell T. Harmison Ph.D
CEO - Signalife Inc.
531 South Main Street, Suite 301
Greenville, South Carolina 29601
By e-mail *tjones@signalife.com* first class mail

Re: Peter Strojnik, P.C. v. Triple Play - Signalife

Dear Dr. Harmison:

On February 14, 2008, Peter Strojnik, P.C. received an unsolicited fax from an
unidentified source in violation of the Telephone Consumer Protection Act of 1991
("TCPA"), 47 U.S.C. § 227. The fax is designed to increase the interest in SGN stock,
thereby increasing the traffic and, consequently, the SGN stock price. The sender of the
illegal fax makes the following admission:

> Information herein may be forward looking within the meaning of Section 27Aof the Securities Act of 1933 and Section 21B of the
> SEC Act of 1934.Statements involving discussions of future events. Don't rely on them to make a decision. Past performance isn't
> indicative of future results. SGN is a reporting company. SGN may be delisted from Amex. SGN has: an accumulated deficit, negative
> operating cash flow, related party transactions, no revenues in its recent quarter and the stock float is increasing. It isn't a revenue
> producing company. We received 200,000 free trading shares from a non-affiliate. We intend to sell all 200,000 shares now, which
> could cause the stock to go down, resulting in losses for you. We paid $33750 to send this report. SGN is a high risk stock.
> WARNING: You can lose money Buying SGN. This report shall not be taken as investment advice or solicitation. URGENT: Please
> read SGN's SEC filings before you invest.

My initial research leads me to conclude that the Triple Play Stock Alert is an offshore
marketing company in the business of providing services to those who desire to avoid 47
U.S.C. § 227 liability. Depending on the size of the order, such companies charge
between 5 and 10 cents per fax transmission. As indicated in the draft Complaint a copy
of which I attach for your consideration:

5. As more fully set forth below, on or about February 14, 2008, Defendants sent an
unsolicited facsimile to Plaintiff, Exhibit 1, in violation of TCPA ("Unsolicited Fax"). The
Unsolicited Fax on its face states that the sender received 200,000 shares of Signalife
Stock and that it paid the sum of $33,750 to distribute the Unsolicited Fax. Upon

3030 NORTH CENTRAL AVENUE - SUITE 1401 – PHOENIX – ARIZONA – 85012-2712
TEL: 602.297.3019 – FAX: 602.296.0135 – CELL: 602.524.6602 – EMAIL: STROJNIK@AOL.COM
WEBSITE: WWW.STROJNIK.COM

information and belief, the cost for unsolicited fax is between US$0.05 and US$0.10, which means that Defendants sent out between 337,500 and 675,000 faxes. Pursuant to the TCPA, Defendants are liable in statutory damages the sum of $500 to $1,500 for each Unsolicited Fax. Therefore, the amount of controversy in this matter is between 168 million and 1 billion dollars.

The documentation suggests that during the early part of the year, Signalife was experiencing a threat of delistment by the AMEX. *See* January 14, 2008 8K:

> On January 7, 2008, the American Stock Exchange ("AMEX") issued a deficiency letter to Signalife pursuant to which it advised Signalife that it would need to comply with the $6 million stockholders' equity threshold required for continued listing under AMEX Rules 1003(a)(iii). This notification was triggered by the recent decline of Signalife's market capitalization to less than $50 million, which previously exempted Signalife from meeting the minimum stockholders' equity requirement. Pursuant to the letter, Signalife will be required to submit to AMEX by February 6, 2008 for its review and acceptance a plan to bring the company into compliance with the aforesaid stockholders' equity requirement within a sixteen month period or by such earlier date as AMEX may deem reasonable. Signalife is presently preparing a plan to submit to AMEX to address the stockholders' equity matter.

Indeed, following Signalife's attempt to prop up the stock price[1], AMEX notified Signalife that it accepted the company's plan of compliance and granted the company an extension until May 7, 2009 to regain compliance with stockholders' equity requirement.

While I am aware that in certain circumstances, these types of stock promotions involve the classic "pump and dump" scheme whereby persons holding securities fraudulently inflate their price (the "pump") in order to sell at an artificial profit (the "dump"), I find it highly unlikely that the unsolicited fax was generated by a pump and dump scammer: $33,750 is an extraordinary amount of money to pay for a pump and dump scheme involving merely 200,000 shares where the shares trade between 73 and 80 cents; all this at a time when Signalife was subject to delistment by the AMEX. I find such use of marketing funds highly improbable.

The statutory range of damages for violations of the TCPA – between 168 million and 1 billion dollars - may be "ruinous" and "annihilating" to a company such as Signalife[2].

---

[1] See Addendum A.

[2] The trial court in *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. 94, 50 P.3d 844 (App.2002) expressed the same concern. ( Trial Court refused to certify the class because the damages were "a horrendous, possibly annihilating punishment") However, the Court of Appeals reversed the trial court's view, stating:

> Congress made a legislative determination that the appropriate penalty for violating 47 U.S.C. § 227 was $500 per violation or, in the court's discretion, $1,500 per willful violation. 47 U.S.C. § 227(b)(3). In doing so Congress established a penalty designed not only to compensate for the actual damages and unquantifiable harm, but also to deter the

Therefore, in the spirit of fairness, I wish to give Signalife the opportunity to prove that it is not complicit in the violation of 47 U.S.C. § 227. I require the following information:

1) The identity of the person or persons who engaged the marketing firm to market Signalife stock through the Unsolicited Fax; and

2) The identity of Signalife insiders and their affiliates[3] who could benefit by the unsolicited fax.

3) The identity of Signalife outsiders who could benefit by the unsolicited fax.

4) The entire stock transfer ledger for the period of January 1, 2005 to the Marsh 31, 2008, showing all purchases, sales, transfers and shorts of Signalife shares, relating them to the (unsolicited) faxes issued during this time period.

5) The complete checks register for the period of January 1, 2005 to the present for Signalife and its affiliates.

---

offensive conduct. *Texas v. American Blastfax, Inc.,* 121 F. Supp. 2d 1085, 1090-91 (W.D. Tex. 2000); *Kenro, Inc. v. Fax Daily, Inc.,* 962 F. Supp. 1162, 1166 (S.D. Ind. 1997). The penalty is not so disproportionate to actual damages as to violate due process. *American Blastfax,* 121 F. Supp. 2d at 1090; Kenro, 962 F. Supp. at 1166.

Having provided for a private right of action and having decided the appropriate penalty, Congress did not preclude the use of class actions to obtain redress for violations. See 47 U.S.C. § 227. Rule 23 allows for class actions to "enhance the efficacy" of any private right of action provided by law. *Hawaii v. Standard Oil Co. of Cal.,* 405 U.S. 251, 266 (1972). Class action relief is unavailable only if Congress expressly excludes it, *Califano v. Yamasaki,* 442 U.S. 682, 699-700 (1979), and Congress has done so in some statutes. See, e.g., 15 U.S.C. § 6614 (2000) (limiting Y2K class actions); 29 U.S.C. § 732(d) (Supp. 1999)(barring designated agency class actions); 15 U.S.C. § 2310(e)(2000) (restricting consumer warranty class actions). Congress provided no express exclusion of class action relief in 47 U.S.C. § 227.

Given that Congress determined the per-violation penalty and allowed for the pursuit of class actions under the statute, it is not for the court to determine that the penalty when applied in a class action context is unfair. The fairness of statutory punishment, within due process concerns, is properly determined by the legislature. *Reiter v. Sonotone Corp.,* 442 U.S. 330, 344-45 (1979).

[3] For the purposes of these requests, the term "affiliate" shall mean the past and present officers, directors, shareholders, attorneys, agents, servants, representatives, employees, subsidiaries, partners, predecessors and successors-in-interest of Signalife.

Peter Strojnik                        Page 4                              5/28/2008

Once I have received the above documentation I may require additional information prior
to making a decision. Please understand that whatever information Signalife shares with
me may be used in a subsequent litigation matter should this matter proceed in that
direction. I should also advise that Signalife seek guidance of learned counsel regarding
this matter.

Please forward the requested information to me no later than June 6, 2008. Should
Signalife choose not to share the requested information with me, or if the information is
incomplete, I will assume that Signalife has no interest in cooperating and that a lawsuit
is the appropriate vehicle for resolving the issues.

                                        Sincerely,

                                        Peter Strojnik

PS: pjs
Encls. *as indicated*

## ADDENDUM A
### (Historical Prices)

| Date | Open | High | Low | Close | Volume | Adj Close* |
|------|------|------|-----|-------|--------|------------|
| 27-May-08 | 0.41 | 0.44 | 0.39 | 0.42 | 231,400 | 0.42 |
| 23-May-08 | 0.36 | 0.42 | 0.34 | 0.41 | 408,500 | 0.41 |
| 22-May-08 | 0.37 | 0.57 | 0.35 | 0.37 | 188,400 | 0.37 |
| 21-May-08 | 0.36 | 0.38 | 0.35 | 0.37 | 212,500 | 0.37 |
| 20-May-08 | 0.39 | 0.39 | 0.35 | 0.36 | 321,100 | 0.36 |
| 19-May-08 | 0.38 | 0.39 | 0.36 | 0.36 | 228,300 | 0.36 |
| 16-May-08 | 0.42 | 0.42 | 0.35 | 0.38 | 385,000 | 0.38 |
| 15-May-08 | 0.36 | 0.40 | 0.35 | 0.40 | 514,700 | 0.40 |
| 14-May-08. | 0.40 | 0.40 | 0.38 | 0.39 | 445,200 | 0.39 |
| 13-May-08 | 0.42 | 0.43 | 0.41 | 0.41 | 302,700 | 0.41 |
| 12-May-08 | 0.45 | 0.46 | 0.42 | 0.42 | 290,200 | 0.42 |
| 9-May-08 | 0.48 | 0.48 | 0.44 | 0.44 | 154,000 | 0.44 |
| 8-May-08 | 0.50 | 0.50 | 0.46 | 0.46 | 158,200 | 0.46 |
| 7-May-08 | 0.50 | 0.51 | 0.46 | 0.48 | 271,400 | 0.48 |
| 6-May-08 | 0.46 | 0.50 | 0.43 | 0.48 | 220,000 | 0.48 |
| 5-May-08 | 0.47 | 0.49 | 0.45 | 0.46 | 227,700 | 0.46 |
| 2-May-08 | 0.51 | 0.51 | 0.46 | 0.46 | 204,000 | 0.46 |
| 1-May-08 | 0.49 | 0.59 | 0.46 | 0.46 | 370,200 | 0.46 |
| 30-Apr-08 | 0.49 | 0.50 | 0.46 | 0.49 | 177,600 | 0.49 |
| 29-Apr-08 | 0.54 | 0.56 | 0.46 | 0.46 | 462,900 | 0.46 |
| 28-Apr-08 | 0.58 | 0.62 | 0.40 | 0.51 | 935,700 | 0.51 |
| 25-Apr-08 | 0.63 | 0.64 | 0.52 | 0.62 | 1,178,500 | 0.62 |
| 24-Apr-08 | 0.68 | 0.68 | 0.60 | 0.63 | 429,900 | 0.63 |
| 23-Apr-08 | 0.70 | 0.73 | 0.67 | 0.67 | 302,200 | 0.67 |
| 22-Apr-08 | 0.68 | 0.72 | 0.63 | 0.68 | 382,600 | 0.68 |
| 21-Apr-08 | 0.79 | 0.79 | 0.62 | 0.67 | 701,300 | 0.67 |
| 18-Apr-08 | 0.80 | 0.80 | 0.63 | 0.70 | 639,300 | 0.70 |
| 17-Apr-08 | 0.85 | 0.88 | 0.70 | 0.75 | 1,002,000 | 0.75 |
| 16-Apr-08 | 0.99 | 0.99 | 0.81 | 0.85 | 994,000 | 0.85 |
| 15-Apr-08 | 1.14 | 1.14 | 0.96 | 1.00 | 561,100 | 1.00 |
| 14-Apr-08 | 1.47 | 1.48 | 0.83 | 1.17 | 3,752,100 | 1.17 |
| 11-Apr-08 | 1.10 | 1.35 | 1.10 | 1.34 | 1,755,100 | 1.34 |
| 10-Apr-08 | 0.99 | 1.06 | 0.96 | 1.03 | 516,100 | 1.03 |
| 9-Apr-08 | 1.00 | 1.01 | 0.95 | 1.00 | 377,400 | 1.00 |
| 8-Apr-08 | 0.98 | 0.99 | 0.92 | 0.99 | 153,700 | 0.99 |
| 7-Apr-08 | 1.00 | 1.00 | 0.91 | 0.94 | 196,600 | 0.94 |
| 4-Apr-08 | 0.98 | 1.03 | 0.90 | 1.00 | 254,600 | 1.00 |
| 3-Apr-08 | 1.00 | 1.05 | 0.97 | 1.00 | 140,800 | 1.00 |
| 2-Apr-08 | 1.02 | 1.09 | 0.97 | 1.02 | 114,100 | 1.02 |

Peter Strojnik                     Page 6                                   5/28/2008

| Date | Open | High | Low | Close | Volume | Adj Close* |
|------|------|------|-----|-------|--------|-----------|
| 1-Apr-08 | 0.98 | 1.05 | 0.83 | 1.05 | 878,100 | 1.05 |
| 31-Mar-08 | 1.10 | 1.10 | 0.95 | 0.98 | 273,000 | 0.98 |
| 28-Mar-08 | 1.19 | 1.19 | 1.01 | 1.06 | 136,800 | 1.06 |
| 27-Mar-08 | 1.01 | 1.19 | 1.01 | 1.15 | 423,800 | 1.15 |
| 26-Mar-08 | 1.15 | 1.18 | 1.03 | 1.10 | 344,800 | 1.10 |
| 25-Mar-08 | 1.00 | 1.24 | 0.96 | 1.13 | 727,900 | 1.13 |
| 24-Mar-08 | 1.00 | 1.00 | 0.93 | 0.97 | 226,700 | 0.97 |
| 20-Mar-08 | 0.95 | 1.00 | 0.90 | 0.99 | 249,800 | 0.99 |
| 19-Mar-08 | 1.05 | 1.07 | 0.86 | 0.98 | 692,900 | 0.98 |
| 18-Mar-08 | 0.91 | 1.09 | 0.81 | 1.06 | 714,600 | 1.06 |
| 17-Mar-08 | 0.98 | 1.00 | 0.78 | 1.00 | 280,900 | 1.00 |
| 14-Mar-08 | 0.94 | 1.00 | 0.86 | 0.95 | 1,151,000 | 0.95 |
| 13-Mar-08 | 0.66 | 0.92 | 0.64 | 0.90 | 1,650,900 | 0.90 |
| 12-Mar-08 | 0.68 | 0.70 | 0.58 | 0.70 | 379,400 | 0.70 |
| 11-Mar-08 | 0.75 | 0.75 | 0.66 | 0.68 | 330,800 | 0.68 |
| 10-Mar-08 | 0.73 | 0.76 | 0.68 | 0.76 | 276,700 | 0.76 |
| 7-Mar-08 | 0.68 | 0.72 | 0.65 | 0.72 | 383,000 | 0.72 |
| 6-Mar-08 | 0.65 | 0.67 | 0.61 | 0.65 | 332,300 | 0.65 |
| 5-Mar-08 | 0.69 | 0.71 | 0.68 | 0.69 | 78,200 | 0.69 |
| 4-Mar-08 | 0.75 | 0.77 | 0.69 | 0.70 | 377,300 | 0.70 |
| 3-Mar-08 | 0.74 | 0.75 | 0.70 | 0.73 | 281,600 | 0.73 |
| 29-Feb-08 | 0.70 | 0.76 | 0.67 | 0.71 | 851,100 | 0.71 |
| 28-Feb-08 | 0.65 | 0.78 | 0.62 | 0.78 | 371,600 | 0.78 |
| 27-Feb-08 | 0.76 | 0.76 | 0.62 | 0.64 | 460,000 | 0.64 |
| 26-Feb-08 | 0.69 | 0.78 | 0.69 | 0.78 | 443,600 | 0.78 |
| 25-Feb-08 | 0.84 | 0.84 | 0.68 | 0.72 | 411,000 | 0.72 |
| 22-Feb-08 | 0.87 | 0.87 | 0.69 | 0.80 | 244,300 | 0.80 |

| Date | Open | High | Low | Close | Volume | Adj Close* |
|------|------|------|-----|-------|--------|-----------|
| 21-Feb-08 | 0.71 | 0.90 | 0.65 | 0.80 | 513,100 | 0.80 |
| 20-Feb-08 | 0.80 | 0.80 | 0.70 | 0.75 | 311,200 | 0.75 |
| 19-Feb-08 | 0.83 | 0.83 | 0.74 | 0.78 | 429,900 | 0.78 |
| 15-Feb-08 | 0.77 | 0.80 | 0.75 | 0.80 | 181,800 | 0.80 |
| 14-Feb-08 | 0.78 | 0.80 | 0.72 | 0.76 | 236,400 | 0.76 |
| 13-Feb-08 | 0.75 | 0.78 | 0.70 | 0.78 | 311,300 | 0.78 |
| 12-Feb-08 | 0.74 | 0.76 | 0.71 | 0.75 | 274,600 | 0.75 |
| 11-Feb-08 | 0.75 | 0.75 | 0.70 | 0.73 | 203,300 | 0.73 |
| 8-Feb-08 | 0.58 | 0.71 | 0.58 | 0.71 | 194,000 | 0.71 |
| 7-Feb-08 | 0.69 | 0.72 | 0.56 | 0.68 | 217,600 | 0.68 |
| 6-Feb-08 | 0.75 | 0.75 | 0.65 | 0.67 | 212,800 | 0.67 |
| 5-Feb-08 | 0.65 | 0.70 | 0.60 | 0.67 | 394,700 | 0.67 |
| 4-Feb-08 | 0.65 | 0.65 | 0.56 | 0.59 | 133,400 | 0.59 |
| 1-Feb-08 | 0.60 | 0.65 | 0.56 | 0.60 | 182,300 | 0.60 |

Peter Strojnik                          Page 7                                          5/28/2008

| Date | | | | | | |
|---|---|---|---|---|---|---|
| 31-Jan-08 | 0.54 | 0.55 | 0.48 | 0.63 | 433,100 | 0.63 |
| 30-Jan-08 | 0.41 | 0.54 | 0.41 | 0.54 | 361,500 | 0.54 |
| 29-Jan-08 | 0.42 | 0.47 | 0.41 | 0.43 | 181,900 | 0.43 |
| 28-Jan-08 | 0.43 | 0.45 | 0.38 | 0.44 | 192,100 | 0.44 |
| 25-Jan-08 | 0.45 | 0.47 | 0.40 | 0.46 | 224,100 | 0.46 |
| 24-Jan-08 | 0.36 | 0.50 | 0.36 | 0.47 | 253,600 | 0.47 |
| 23-Jan-08 | 0.45 | 0.45 | 0.33 | 0.35 | 708,800 | 0.35 |
| 22-Jan-08 | 0.55 | 0.60 | 0.41 | 0.48 | 215,300 | 0.48 |
| 18-Jan-08 | 0.43 | 0.70 | 0.42 | 0.56 | 212,800 | 0.56 |
| 17-Jan-08 | 0.42 | 0.46 | 0.40 | 0.46 | 81,400 | 0.46 |
| 16-Jan-08 | 0.45 | 0.46 | 0.38 | 0.43 | 228,900 | 0.43 |
| 15-Jan-08 | 0.50 | 0.51 | 0.41 | 0.48 | 388,100 | 0.48 |
| 14-Jan-08 | 0.64 | 0.64 | 0.55 | 0.55 | 74,000 | 0.55 |
| 11-Jan-08 | 0.60 | 0.64 | 0.54 | 0.61 | 322,800 | 0.61 |
| 10-Jan-08 | 0.61 | 0.63 | 0.60 | 0.62 | 85,400 | 0.62 |
| 9-Jan-08 | 0.62 | 0.65 | 0.61 | 0.61 | 49,500 | 0.61 |
| 8-Jan-08 | 0.70 | 0.70 | 0.62 | 0.62 | 118,700 | 0.62 |
| 7-Jan-08 | 0.72 | 0.76 | 0.66 | 0.72 | 74,700 | 0.72 |
| 4-Jan-08 | 0.62 | 0.82 | 0.60 | 0.75 | 394,800 | 0.75 |
| 3-Jan-08 | 0.63 | 0.65 | 0.61 | 0.63 | 121,200 | 0.63 |
| 2-Jan-08 | 0.67 | 0.70 | 0.60 | 0.62 | 77,200 | 0.62 |
| 31-Dec-07 | 0.66 | 0.70 | 0.65 | 0.70 | 140,600 | 0.70 |
| 28-Dec-07 | 0.70 | 0.75 | 0.65 | 0.69 | 294,200 | 0.69 |
| 27-Dec-07 | 0.67 | 0.76 | 0.65 | 0.75 | 86,700 | 0.75 |
| 26-Dec-07 | 0.65 | 0.76 | 0.65 | 0.67 | 169,900 | 0.67 |
| 24-Dec-07 | 0.67 | 0.77 | 0.65 | 0.66 | 149,300 | 0.66 |
| 21-Dec-07 | 0.72 | 0.72 | 0.65 | 0.65 | 54,100 | 0.65 |
| 20-Dec-07 | 0.66 | 0.75 | 0.65 | 0.75 | 192,300 | 0.75 |
| 19-Dec-07 | 0.75 | 0.75 | 0.66 | 0.70 | 118,100 | 0.70 |
| 18-Dec-07 | 0.80 | 0.81 | 0.65 | 0.75 | 85,000 | 0.75 |
| 17-Dec-07 | 0.76 | 0.83 | 0.73 | 0.81 | 94,300 | 0.81 |
| 14-Dec-07 | 0.79 | 0.84 | 0.75 | 0.84 | 116,100 | 0.84 |
| 13-Dec-07 | 0.66 | 0.74 | 0.62 | 0.73 | 83,100 | 0.73 |
| 12-Dec-07 | 0.69 | 0.69 | 0.60 | 0.67 | 255,800 | 0.67 |
| 11-Dec-07 | 0.71 | 0.71 | 0.65 | 0.68 | 191,100 | 0.68 |
| 10-Dec-07 | 0.75 | 0.76 | 0.71 | 0.71 | 82,600 | 0.71 |
| 7-Dec-07 | 0.73 | 0.78 | 0.70 | 0.70 | 219,700 | 0.70 |
| 6-Dec-07 | 0.80 | 0.80 | 0.75 | 0.77 | 84,200 | 0.77 |
| 5-Dec-07 | 0.75 | 0.83 | 0.70 | 0.80 | 46,900 | 0.80 |
| 4-Dec-07 | 0.76 | 0.86 | 0.75 | 0.77 | 234,400 | 0.77 |
| 3-Dec-07 | 0.92 | 0.92 | 0.80 | 0.84 | 206,900 | 0.84 |
| 30-Nov-07 | 0.94 | 1.00 | 0.86 | 0.96 | 139,800 | 0.96 |
| 29-Nov-07 | 1.09 | 1.09 | 0.95 | 0.96 | 146,200 | 0.96 |

Peter Strojnik                          Page 8                                    5/28/2008

| 28-Nov-07 | 1.10 | 1.15 | 0.94 | 1.07 | 299,500 | 1.07 |
| 27-Nov-07 | 1.26 | 1.26 | 1.00 | 1.14 | 587,500 | 1.14 |
| 26-Nov-07 | 0.84 | 1.10 | 0.83 | 1.07 | 556,100 | 1.07 |
| 23-Nov-07 | 0.85 | 0.87 | 0.74 | 0.84 | 221,400 | 0.84 |
| 21-Nov-07 | 0.75 | 0.82 | 0.74 | 0.82 | 230,100 | 0.82 |
| 20-Nov-07 | 0.84 | 0.84 | 0.69 | 0.80 | 225,600 | 0.80 |
| 19-Nov-07 | 0.80 | 0.81 | 0.75 | 0.75 | 60,700 | 0.75 |
| 16-Nov-07 | 0.80 | 0.92 | 0.75 | 0.80 | 303,300 | 0.80 |
| 15-Nov-07 | 0.80 | 0.88 | 0.77 | 0.81 | 106,200 | 0.81 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# EXHIBIT 3

1   LUAN K. PHAN (State Bar No. 185985)
    RICHARDSON & PATEL LLP
2   10900 Wilshire Boulevard, Suite 500
    Los Angeles, CA 90024
3   (310) 208-1182 Telephone
    (310) 208-1154 Fax
4

5   Attorneys for Plaintiff SIGNALIFE, INC.

6

7

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 12 2008

John A. Clarke, Executive Officer/Clerk

BY SHAUNYA WESLEY, Deputy

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     FOR THE COUNTY OF LOS ANGELES

10

11  SIGNALIFE, INC., a Delaware Corporation,      )   CASE NO.
                                                  )                  BC392638
12                    Plaintiff,                  )
                                                  )
13        v.                                      )   COMPLAINT FOR
                                                  )   DECLARATORY RELIEF
14  PETER STROJNIK, P.C., an Arizona              )
    Corporation;                                  )
15  PETER STROJNIK, an individual; and            )
    DOES 1 through 100, inclusive,                )
16                                                )
                    Defendants.                   )
17                                                )

18

19        Plaintiff SIGNALIFE, INC. ("Signalife" or "Plaintiff") complains and alleges as follows

20  in this Complaint against Defendants PETER STROJNIK, P.C.; PETER STROJNIK and DOES

21  1 through 25 (collectively referred to as "Defendants"), as follows:

22                              **PARTIES**

23        1.    Plaintiff SIGNALIFE, INC. is a publicly-traded, research and development life

24  sciences company, incorporated in Delaware, with its principal place of business in Studio City,

25  California. The Company's business is focused on the monitoring and detection of disease

26  through continuous biomedical signal monitoring. Signalife uses its patented signal technology

27  to design and develop medical devices that simplify and reduce the costs of diagnostic testing

28  and patient monitoring in an ambulatory setting. One of its flagship inventions is the Fidelity

COMPLAINT

1     100 heart monitor, a new and cutting-edge device for early detection and monitoring of heart

2     disease. The device is a breakthrough ECG (electrocardiography) monitoring system that allows

3     for the first time, real-time ambulatory heart monitoring never seen before in the clinical setting.

4         2.     On information and belief, Defendant PETER STROJNIK, P.C. ("Strojnik PC") is

5     an Arizona Professional Corporation.

6         3.     On information and belief, Defendant PETER STROJNIK ("Strojnik") is an

7     individual who is a resident of Arizona.

8         4.     The true names and capacities, whether corporate, associate, individual or

9     otherwise of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff, who therefore

10     sues said defendants by such fictitious names. Each of the defendants designated herein as a

11     DOE is negligently or otherwise legally responsible in some manner for the events and

12     happenings herein referred to and caused injuries and damages proximately thereby to Plaintiff,

13     as herein alleged. Plaintiff will seek leave of Court to amend this Complaint to show their names

14     and capacities when the same have been ascertained.

15         5.     At all times herein mentioned, Defendants, and each of them, were the agents,

16     representatives and employees, each of the other, and at all times pertinent hereto were acting

17     within the course and scope of their authority as such agents, representatives and employees.

18         6.     Upon information and belief, Plaintiff alleges that Strojnik is the alter ego of

19     Strojnik PC, that Strojnik dominated and controlled Strojnik PC for his own benefit and

20     advantage, and that a unity and identify of interest exists between Strojnik and Strojnik PC. As

21     such, adherence to the fiction of the separate existence of Strojnik PC as a distinct entity from

22     Strojnik PC would permit an abuse of the corporate privilege, would sanction fraud, and would

23     promote injustice, as set forth below.

24                 **JURISDICTION AND VENUE**

25         7.     The court has personal jurisdiction over Defendants because they have minimum

26     contacts with the State of California.

27         8.     Venue is proper in this county in accordance with Section 395(a) of the California

28     Code of Civil Procedure because the Defendants do not reside in the State of California.

-2-

COMPLAINT

1                                    **GENERAL ALLEGATIONS**

2          9.      In 1991, Congress passed the Telephone Consumer Protection Act [47 U.S.C. §

3    227] (the "TCPA") in order to restrict the use of facsimile machines and phones to send

4    unsolicited advertisements. The TCPA provides, among other things, that it is unlawful for any

5    person within the United States "to use any telephone facsimile machine, computer, or other

6    device to send an unsolicited advertisement to a telephone facsimile machine." 47 U.S.C. §

7    227(b)(1)(C). The TCPA further permits a private right of action by a person or entity to bring

8    an action for an injunction and/or recovery of $500-$1500 in damages for each such violation.

9    47 U.S.C. § 227(b)(3).

10         10.     On or about May 28, 2008, Defendants sent a demand letter to Signalife, alleging

11   that Signalife violated the TCPA. In the demand letter, Defendants allege, among other things,

12   that, on February 14, 2008, they received an unsolicited fax designed to increase Signalife's stock

13   price. Notably, Defendants allege that this fax is "from an unidentified source." Defendants

14   further allege that they intend on filing a class action suit with claimed damages against Signalife

15   of between $168 million and $1 billion. A copy of the demand letter is attached as Exhibit "A."

16         11.     On its face, the subject fax shows no affiliation with Signalife. Instead, the fax

17   appears to have been distributed by an entity called Triple Play Stock Alert ("Triple Play").

18   Moreover, the fax states that Triple Play received a promotion fee of 200,000 free trading shares

19   **"from a non-affiliate."** Nothing in the subject fax indicates that Signalife was responsible for

20   sending the fax. A copy of the subject fax is attached as Exhibit "B." Notwithstanding the plain

21   language of the fax, Defendants accuse Signalife of violating the TCPA.

22         12.     An actual controversy has arisen and now exists between Plaintiff and

23   Defendants regarding their respective rights and duties relating to the subject fax. Plaintiff

24   Signalife contends that it has no liability for the subject fax under the TCPA. Indeed, the fax

25   itself shows no affiliation between Triple Play and Signalife. Nevertheless, Defendants contend

26   that Signalife is responsible for sending the fax and that Signalife violated the TCPA. As such,

27   Signalife seeks a declaratory order from this Court that it has no liability under the TCPA with

28   regard to the subject fax.

                                               -3-

1

## CAUSE OF ACTION FOR DECLARATORY RELIEF

2      13.    Plaintiff realleges and incorporates as though fully set forth at length the

3   allegations of Paragraphs 1 through 12 in support of this Cause of Action for Declaratory Relief.

4      14.    An actual controversy has arisen and now exists between the Plaintiff and

5   Defendants relating to whether Signalife has any liability under the TCPA with regard to the

6   subject fax. Plaintiff therefore desires a judicial determination of its rights and any alleged rights

7   of the Defendants relating thereto. Specifically, Plaintiff desires a judicial determination that

8   Signalife is not responsible for sending the subject fax and that Signalife has no liability under

9   the TCPA relating to the subject fax, either to Defendants or to the purported class.

10     15.    A judicial declaration is necessary and appropriate and this time under the

11   circumstances so that Plaintiff may ascertain its rights and proceed without the threat of an

12   adverse claim or claims against it by Defendants or any of their affiliated entities and without

13   having to defend against claims due to the uncertainty relating to the parties' rights, set forth

14   above.

15

## PRAYER FOR RELIEF

16     WHEREFORE, Plaintiff Signalife, Inc., prays for judgment against Defendants, and each

17   of them, as follows:

18     1.    A declaratory judgment, decreeing that Plaintiff Signalife is not responsible for

19   sending the subject fax and that Signalife has no liability under the TCPA relating to the subject

20   fax, either to Defendants or to the purported class;

21     2.    Costs of court; and

22     3.    Such other damages as the court may allow in furtherance of justice.

23

24   DATED: June 11, 2008                RICHARDSON & PATEL LLP

25

26                                 By:

27                                     LUAN K. PHAN
                                       Attorneys for Plaintiff SIGNALIFE, INC.

28

-4-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# EXHIBIT 4

# THE LAW FIRM OF
# **PETER STROJNIK**

June 23. 2008

Luan K. Phan, Esq.
Richardson & Patel LLP
10900 Wilshire Blvd., Suite 500
Los Angeles, CA. 90024
*Via e-mail: lphan@richardsonpatel.com*
*Via Facsimile: (310) 208-1154*

    Re: *Signalife v. Strojnik BC392638*

Dear Mr. Phan:

I represent Peter Strojnik, P.C. and Peter Strojnik individually (cumulatively
"Strojnik") in the above cause. This correspondence provides you with notice that
your and your client's actions violate CCP § 128.6, and demands a dismissal of the
Complaint on the terms specified below.

California courts may exercise personal jurisdiction on any basis consistent with
the Constitutions of California and the United States. (Code Civ. Proc., § 410.10.)
The exercise of jurisdiction over a nonresident defendant comports with these
Constitutions "if the defendant has such minimum contacts with the state that the
assertion of jurisdiction does not violate ` "traditional notions of fair play and
substantial justice." ' " (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14
Cal.4th 434, 444 (*Vons*), quoting *Internat. Shoe Co. v. Washington* (1945) 326
U.S. 310, 316 (*Internat. Shoe*).)

You do not claim that the State of California has "general" jurisdiction over
Strojnik. Indeed, Strojnik had not maintained the required "substantial,
continuous and systematic" contacts with the State of California. *Vons
Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 445-46. See
attached Declaration.

This leaves us with "specific jurisdiction". The issue of whether a letter to the
forum state confer personal jurisdiction over the sender has arisen often. Virtually
every Court that has considered the issue has held that a letter, standing alone, is
insufficient to confer personal jurisdiction. See, e.g., *Red Wing Shoe Company,*

*Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1359 (Fed. Cir. 1998) (three letters and licensing activities were insufficient for personal jurisdiction); *Yahoo! Inc. v. La LigueContre Le Racisme et L'Antisemitisme*, 433 F.ed 1199, 1208 (9th Cir. 2006) ("A cease and desist letter is not in and of itself sufficient to establish personal jurisdiction over the sender of the letter "). *StayWell Co. v. Wang*, No. 06-1726 (E.D.Pa. 08/24/2006) (Sending a single demand letter to the forum state insufficient); *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1109 (2d Cir. 1997) (same); *Pride Distributors, Inc. v. Nuzzolo*, No. 05-CV-7441-DT (E.D.Mich. 04/10/2007) (same); *Roth v. Garcia Marquez*, 942 F.2d 617, 621-22 (9th Cir. 1991) (numerous telephone calls and emails directed at the forum were not sufficient to constitute purposeful availment). See also *Lawman Armor Corp. v. Simon*, 319 F. Supp. 2d 499, 503 (E.D. Pa. 2004) (a cease and desist letter alleging patent infringement, without more, was insufficient to satisfy due process requirements)[1].The Ninth Circuit has set out the rationale underlying these decisions:

> There are strong policy reasons to encourage cease and desist letters .... If the price of sending a cease and desist letter is that the sender thereby subjects itself to jurisdiction in the forum of the alleged rights infringer, the rights holder will be strongly encouraged to file suit in its home forum without attempting first to resolve the dispute informally by means of a letter.Yahoo!, 433 F.3d at 1208.

A letter of the type in issue here is highly analogous to a cease and desist letter. See *Thousand Trails, Inc. v. Foxwood Hill Property Owners Ass'n, Inc.*, 1999 U.S. Dist. LEXIS 1820 at *9-10 (N.D. Tex. March 22, 1999) (where defendant's sole contacts with forum were bills and letters threatening litigation, policy considerations were identical to those in cease-and-desist letter cases); *StayWell Co. v. Wang*, No. 06-1726 (E.D.Pa. 08/24/2006) (same).

There are two contrary unreported decisions from the Central District of California: *Meade Instruments Corp. v. Reddwarf Starware LLC*, 47 U.S.P.Q.2d 1157 (C.D. Cal. 1998); *Dolco Packaging Corp. V. Creative Indus., Inc.*, 1 U.S.P.Q.2d 1586 (C.D. Cal. 1986). The continued viability of these decisions is highly doubtful. First, they well precede the Ninth Circuit's ruling in *Yahoo!*. Moreover, neither opinion is especially persuasive; this is undoubtedly why other

---

[1] See further *Calphalon v. Corp. v. Rowlette*, 228 F.3d 718, 723 (6th Cir. 2000); *Cadle Co. v. Schlichtmann*, 123 F3d. Appx. 675, 2005 WL 293666 (6th Cir. Feb. 8, 2005)(unpublished); *Impact Prod., Inc. v. Impact Prod.*, LLC, 341 F. Supp. 2d 1186, 1191-92 (D. Col. 2004); *Yahoo! Inc. v. La Ligue Contre Le Racisme e L'Antisemitisme*, 379 F.3d 1120, 1125 (9th Cir. 2004); *Elima Biotronics, LLC v. Fuente Cigar Ltd.*, 291 F. Supp. 2d 1182, 1184-85 (D. Nev. 2003).

Courts in the Central District have declined to follow them. See *Bandai America, Inc. v. Brown*, 2001 U.S. Dist. LEXIS 24280 (C.D. Ca. June 1, 2001); *Douglas Furniture Co. V. Wood Dimensions*, 963 F. Supp. 899 (D. Cal. 1997).

If you have not reviewed these precedent decisions, this is your opportunity to do so. <u>I have 28.50 hours of time in this matter; at $350.00 per hour, I request that you (1) dismiss the complaint; and (2) forward a check to me in the amount of $9,801.75.</u>

Alternatively, I will file a demurrer and a motion pursuant to §128.6 of the Code of Civil Procedure. It provides, in relevant part:

> 128.6. (a) Every trial court may order a party, the party's attorney, or both to pay any reasonable expenses, including attorney's fees, incurred by another party as a result of bad-faith actions or tactics that are frivolous or solely intended to cause unnecessary delay.   This section also applies to judicial arbitration proceedings under Chapter 2.5 (commencing with Section 1141.10) of Title 3 of Part 3.
>
> (b) For purposes of this section:
>
> > (1) "Actions or tactics" include, but are not limited to, the making or opposing of motions or the filing and service of a complaint or cross-complaint. The mere filing of a complaint without service thereof on an opposing party does not constitute "actions or tactics" for purposes of this section.
> >
> > (2) "Frivolous" means (A) totally and completely without merit or (B) for the sole purpose of harassing an opposing party.

In light of the notice given to you today, I do not believe you have any defense to an award of attorneys fees both against your client and against yourself should I be forced to file a demurrer.

This matter, and the matter pending in the United States District Court for the District of Arizona has a potential of adverse affects to your client. If you wish to discuss this matter further, please do not hesitate to contact me at 408-655-0984.

Very Truly Yours,

/s/

Peter K. Strojnik, Esq.

1

2

## DECLARATION OF PETER STROJNIK
## UNDER THE PENALTY OF PERJURY

3    1) My name is Peter Strojnik. I make this Declaration under the Penalty of Perjury based on
     my personal knowledge, information and belief to the best of my memory. Whenever the
4    pronoun "I" is used, it includes myself personally, and if the context permits, the lawfirm of
     Peter Strojnik, P.C.
5

6    2) I am an attorney practicing law in Phoenix, Arizona; my office address is 3030 North
     Central Avenue, Suite 1401, Phoenix, Arizona 85012.

7
     3) I am licensed to practice in the State and Federal Courts of the State of Arizona and the 9th
8    Circuit Court of Appeals.

9    4) My Arizona bar license number is 006464.

10
     5) I have never resided in the State of California, although I bivouacked at Camp Pendleton in
11   early 1970's for training.

12   6) I do not now nor have I ever maintained "substantial, continuous and systematic" contacts
13   with the State of California. My contacts with the State of California can be summarized as
     follows:
14
        a) My children went to college in the State of California, and I paid lodging, tuition, books
15         and living expenses.

16
        b) I enjoy traveling to and vacationing in San Diego and other beautiful California
17         locations as time permits.

18      c) I received traffic citations in the State of California.

19
        d) I appeared *pro hac vice* in the United States District Court for the Northern District of
20         California in a matter captioned *California Bankers Association v. Transend
           International*, NO. C 07-06330 CW.
21
        e) I appeared before the American Arbitration Association, LA office, in a matter captioned
22         *Sitrick v. YP*, cause number 72 181 00837 04 NADE – and in the subsequent District
23         Court action affirming the arbitration award.

24   7) None of the activities referenced above have any connection with the lawsuit filed by
     Signalife against me and Peter Strojnik, P.C. under cause number BC392638.
25

-1-

8) The entirety of jurisdictional basis for hauling me into court in the State of California is the letter dated May 28, 2008, Exhibit 1 to Complaint.

9) The issuance of a letter such as Exhibit 1 to Complaint has been specifically recognized *not* to confer jurisdiction on the court of the forum state. See, e.g., *Red Wing Shoe Company, Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1359 (Fed. Cir. 1998) (three letters and licensing activities were insufficient for personal jurisdiction); *Yahoo! Inc. v. La LigueContre Le Racisme et L'Antisemitisme*, 433 Fed 1199, 1208 (9th Cir. 2006) ("A cease and desist letter is not in and of itself sufficient to establish personal jurisdiction over the sender of the letter "). *StayWell Co. v. Wang*, No. 06-1726 (E.D.Pa. 08/24/2006) (Sending a single demand letter to the forum state insufficient); *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1109 (2d Cir. 1997) (same); *Pride Distributors, Inc. v. Nuzzolo*, No. 05-CV-7441-DT (E.D.Mich. 04/10/2007) (same); *Roth v. Garcia Marquez*, 942 F.2d 617, 621-22 (9th Cir. 1991) (numerous telephone calls and emails directed at the forum were not sufficient to constitute purposeful availment). See also *Lawman Armor Corp. v. Simon*, 319 F. Supp. 2d 499, 503 (E.D. Pa. 2004) (a cease and desist letter alleging patent infringement, without more, was insufficient to satisfy due process requirements). See further *Calphalon v. Corp. v. Rowlette*, 228 F.3d 718, 723 (6th Cir. 2000); *Cadle Co. v. Schlichtmann*, 123 F3d. Appx. 675, 2005 WL 293666 (6th Cir. Feb. 8, 2005)(unpublished); *Impact Prod., Inc. v. Impact Prod.*, LLC, 341 F. Supp. 2d 1186, 1191-92 (D. Col. 2004); *Yahoo! Inc. v. La Ligue Contre Le Racisme e L'Antisemitisme*, 379 F.3d 1120, 1125 (9th Cir. 2004); *Elima Biotronics, LLC v. Fuente Cigar Ltd.*, 291 F. Supp. 2d 1182, 1184-85 (D. Nev. 2003).

10) The initiation of the lawsuit against me in the State of California was committed as a bad-faith action or tactic that is frivolous or solely intended to cause unnecessary delay. The following facts support my statement:

a) Signalife's stock trades on the American Stock Exchange under symbol AMEX: SGN.

b) On June 27, 2007, Signalife received a notice of delistment from the American Stock Exchange based on Signalife's drop in stockholder's equity below AMEX's minimum requirements. *See* AMEX Rules 1003(a)(ii) and (a)(iii).

c) On January 7, 2008, Signalife received a second Notice of delistment from American Stock Exchange based on Signalife's drop in stockholder's equity below AMEX's minimum requirements. *See* AMEX Rules 1003(a)(ii) and (a)(iii).

d) Signalife was motivated to increase the stockholder's equity by pumping up its stock in the securities market. Signalife's stock was pumped in the following manner:

i) By broadcasting the junk fax on February 14, 2008. The junk fax represents a securities market manipulation in violation of the Securities and Exchange Commission Rule 10b-5. Although Signalife had the affirmative duty to advise the

-2-

securities market that its stock was manipulated, it failed to discharge that duty. ["Failure to disclose that market prices are being artificially depressed operates as a deceit on the market place and is an omission of a material fact." *United States v. Charnay*, 537 F.2d 341, 351 (9th Cir.), cert. denied, 429 U.S. 1000, 97 S. Ct. 527, 50 L. Ed. 2d 610 (1976)] As a result, Signalife is an aider and abettor in the securities market manipulation and liable for the broadcast of the securities market manipulation device – the junk fax dated February 14, 2008.

ii) By deceiving the securities market by a misleading and incomplete press release. Signalife issued a press release on June 3, 2008, in which it introduced a new CEO, Mr. Lee Ehrichman. The press release lauded Mr. Ehrichman's tenure at Cardiac Telecom Corporation where he "pioneered outpatient real-time cardiac telemetry technology and call center monitoring". The report stated that "Mr. Ehrlichman's successful history is known and is public record".

iii) The June 3, 2008, press release is misleading and incomplete because it does not disclose that Mr. Ehrichman actually ran Cardiac Telecom into bankruptcy. A review of Mr. Ehrlichman's tenure with Cardiac Telecom Corporation discloses that he was hired by Cardiac Telecom on June 6, 1996 and released on July 1, 2007. On August 31, 2007, Cardiac Telecom filed for bankruptcy in the United States Bankruptcy Court for the Western District of Pennsylvania under cause number 07-25499-JKF. The filing occurred less than 2 months after Mr. Ehrlichman's departure. [An "untrue statement," i.e., a misstatement that comprises a half-truth or a whole lie (as opposed to an omission), is always misleading because a speaker, having begun to speak, is obliged to do so completely and truthfully. See *Caiola v. Citibank, N.A.*, 295 F.3d 312, 329-31 (2d Cir. 2002)]

11)    On June 16, 2008, Declarant filed an action in the United States District Court for the District of Arizona against Triple Play Stock Alert, but did not name Signalife as a party defendant. Declarant expects to file an amendment naming Signalife seasonably.

DATED this 23rd day of June, 2008.

DECLARANT

_____

Peter Strojnik

-3-

```
TRANSMISSION VERIFICATION REPORT

                                    TIME   : 06/23/2008 13:44
                                    NAME   : PETER STROJNIK, ESQ.
                                    FAX    : 8587840119
                                    TEL    : 4086550984
                                    SER.# : 000A8J570970


DATE,TIME                      06/23  13:42
FAX NO./NAME                   13102081154
DURATION                       00:02:14
PAGE(S)                        06
RESULT                         OK
MODE                           STANDARD
                               ECM
```

Peter Strojnik                    Page 1                    6/23/2008

# THE LAW FIRM OF
# **PETER STROJNIK**

---

June 23. 2008

Luan K. Phan, Esq.
Richardson & Patel LLP
10900 Wilshire Blvd., Suite 500
Los Angeles, CA. 90024
*Via e-mail: lphan@richardsonpatel.com*
*Via Facsimile: (310) 208-1154*

Re: *Signalife v. Strojnik BC392638*

Dear Mr. Phan:

I represent Peter Strojnik, P.C. and Peter Strojnik individually (cumulatively "Strojnik") in the above cause. This correspondence provides you with notice that your and your client's actions violate CCP § 128.6, and demands a dismissal of the Complaint on the terms specified below.

California courts may exercise personal jurisdiction on any basis consistent with the Constitutions of California and the United States. (Code Civ. Proc., § 410.10.) The exercise of jurisdiction over a nonresident defendant comports with these Constitutions "if the defendant has such minimum contacts with the state that the assertion of jurisdiction does not violate ' "traditional notions of fair play and

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# EXHIBIT 5

1    LUAN K. PHAN (Bar No. 185985)
     DAVID Z. RIBAKOFF (Bar No. 162925)
2    RICHARDSON & PATEL LLP
     10900 Wilshire Blvd., Suite 500
3    Los Angeles, CA 90024
     Tel: (310) 208-1182
4    Fax: (310) 208-1154

5    Attorneys for Plaintiff SIGNALIFE, INC.

6

7                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                         FOR THE COUNTY OF LOS ANGELES

9

10   SIGNALIFE, INC., a Delaware Corporation,    )    CASE NO. BC 392638
                                                 )
11              Plaintiff,                        )
                                                 )    [Assigned for all purposes to the Hon. Robert
     v.                                          )    Hess]
12                                               )
     PETER STROJNIK, P.C., an Arizona            )    EX PARTE APPLICATION FOR A
13   Corporation;                                )    75-DAY CONTINUANCE OF THE
     PETER STROJNIK, an individual; and          )    AUGUST 8, 2008 HEARING DATE ON
14   DOES 1 through 100, inclusive,              )    DEFENDANTS' MOTION TO QUASH
                                                 )    SERVICE OF SUMMONS;
15              Defendants.                       )    DECLARATION OF DAVID Z.
                                                 )    RIBAKOFF
16                                               )
                                                 )    [Proposed Order Filed Concurrently]
17                                               )
                                                 )    Date:  July 17, 2007
18                                               )    Time:  8:30 a.m.
                                                 )    Dept:  24
19
     _____

20

21            TO THE COURT AND TO DEFENDANTS AND THEIR COUNSEL OF

22   RECORD:

23            PLEASE TAKE NOTICE that on July 17, 2008, at 8:30 a.m., Plaintiff Signalife, Inc.,

24   will and hereby does apply to the Court, ex parte, for a 75-day continuance of the August 8, 2008

25   hearing on Defendants' Motion to Quash Service of Summons.  Good cause exists for this request,

26   because it will provide Plaintiff with time to conduct discovery pertaining to Defendants' contacts

27   with California.  As set forth in the accompanying Memorandum of Points and Authorities, the

28

1  Court is authorized to provide Plaintiff sufficient time to conduct discovery concerning the

2  defendant's contacts before hearing a motion to quash.

3      This application is based on the accompanying Memorandum of Points and Authorities,

4  and Declaration of David Z. Ribakoff.

5

6  DATED: July 16, 2008                    RICHARDSON & PATEL LLP

7

8                                         By:

9                                              DAVID Z. RIBAKOFF
                                               Attorneys for Plaintiff SIGNALIFE, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                      2

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2     This is a declaratory relief action arising out of Defendants' written threats against
3 Signalife, Inc., a publicly traded company based in California whose business is focused on
4 the monitoring and detection of disease through continuous biomedical signal monitoring.
5 The Defendants' threats relate to an unsolicited fax that Defendants allegedly received from
6 an entity called Triple Play Stock Alert, which has no affiliation with Signalife. Signalife
7 seeks declaratory relief that it bears no liability under the Telephone Consumer Protection
Act, arising out of this fax.
8

9     On July 11, 2008, Defendants Peter Strojnik and Peter Strojnik, P.C. filed their
Motion to Quash Service of Summons and set the motion for hearing on August 8, 2008.
10 The gist of the Motion is that the Court allegedly lacks personal jurisdiction over them
11 because they purportedly do not have "minimum contacts" with California. Defendants'
12 Motion is supported by a declaration of Peter Strojnik, which purports to summarize his
13 contacts with California. (Ribakoff Declaration, Exhibit 1.) But the declaration is
14 incomplete, at best.

15     According to public records, Mr. Strojnik is counsel of record in at least one pending
16 action in California and has either resided or owned property in California. Further, Peter
17 Strojnik, P.C. is the named plaintiff in another lawsuit in California, thereby availing itself
18 of the rights and remedies provided by California law. (Ribakoff Declaration, Exhibit 2.)
19 Much of this is missing from Strojnik's declaration, and the discrepancies alone provide
ample good cause for the continuation of the hearing on Defendants' Motion to Quash, so
20 that plaintiff can take discovery before having to file an opposition.

21     The Court is authorized to allow jurisdictional discovery before ruling on a motion to
22 quash. In School Dist. of Okaloosa County v. Superior Court, 58 Cal.App.4th 1126, 1132
23 (1997), the Court held that "a plaintiff may be given time to conduct discovery concerning
24 the 'contacts' issue before the trial court finally rules on the motion to quash." Likewise, in
25 Factor Health Management, LLC v. Superior Court, 132 Cal.App.4th 246, 250 (2005), citing
26 School Dist. of Okaloosa County v. Superior Court, supra, the Court held that a "motion to
27 quash under section 418.10 must be supported by evidence on the issue of the defendant's
28 contacts with the state. The parties are thus permitted to conduct discovery on the issue

# DECLARATION OF PETER STROJNIK
## UNDER THE PENALTY OF PERJURY

1) My name is Peter Strojnik. I make this Declaration under the Penalty of Perjury based on my personal knowledge, information and belief to the best of my memory. Whenever the pronoun "I" is used, it includes myself personally, and if the context permits, the lawfirm of Peter Strojnik, P.C.

2) I am an attorney practicing law in Phoenix, Arizona; my office address is 3030 North Central Avenue, Suite 1401, Phoenix, Arizona 85012.

3) I am licensed to practice in the State and Federal Courts of the State of Arizona and the 9th Circuit Court of Appeals.

4) My Arizona bar license number is 006464.

5) I have never resided in the State of California, although I bivouacked at Camp Pendleton in early 1970's for training.

6) I do not now nor have I ever maintained "substantial, continuous and systematic" contacts with the State of California. My contacts with the State of California can be summarized as follows:

   a) My children went to college in the State of California, and I paid lodging, tuition, books and living expenses.

   b) I enjoy traveling to and vacationing in San Diego and other beautiful California locations as time permits.

   c) I received traffic citations in the State of California.

   d) I appeared *pro hac vice* in the United States District Court for the Northern District of California in a matter captioned *California Bankers Association v. Transend International*, NO. C 07-06330 CW.

   e) I appeared before the American Arbitration Association, LA office, in a matter captioned *Sitrick v. YP*, cause number 72 181 00837 04 NADE – and in the subsequent District Court action affirming the arbitration award.

7) None of the activities referenced above have any connection with the lawsuit filed by Signalife against me and Peter Strojnik, P.C. under cause number BC392638.

-1-

8) The entirety of jurisdictional basis for hauling me into court in the State of California is the letter dated May 28, 2008, Exhibit 1 to Complaint.

9) The issuance of a letter such as Exhibit 1 to Complaint has been specifically recognized *not* to confer jurisdiction on the court of the forum state. See, e.g., *Red Wing Shoe Company, Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1359 (Fed. Cir. 1998) (three letters and licensing activities were insufficient for personal jurisdiction); *Yahoo! Inc. v. La LigueContre Le Racisme et L'Antisemitisme*, 433 Fed 1199, 1208 (9th Cir. 2006) ("A cease and desist letter is not in and of itself sufficient to establish personal jurisdiction over the sender of the letter "). *StayWell Co. v. Wang*, No. 06-1726 (E.D.Pa. 08/24/2006) (Sending a single demand letter to the forum state insufficient); *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1109 (2d Cir. 1997) (same); *Pride Distributors, Inc. v. Nuzzolo*, No. 05-CV-7441-DT (E.D.Mich. 04/10/2007) (same); *Roth v. Garcia Marquez*, 942 F.2d 617, 621-22 (9th Cir. 1991) (numerous telephone calls and emails directed at the forum were not sufficient to constitute purposeful availment). See also *Lawman Armor Corp. v. Simon*, 319 F. Supp. 2d 499, 503 (E.D. Pa. 2004) (a cease and desist letter alleging patent infringement, without more, was insufficient to satisfy due process requirements). See further *Calphalon v. Corp. v. Rowlette*, 228 F.3d 718, 723 (6th Cir. 2000); *Cadle Co. v. Schlichtmann*, 123 F3d. Appx. 675, 2005 WL 293666 (6th Cir. Feb. 8, 2005)(unpublished); *Impact Prod., Inc. v. Impact Prod.*, LLC, 341 F. Supp. 2d 1186, 1191-92 (D. Col. 2004); *Yahoo! Inc. v. La Ligue Contre Le Racisme e L'Antisemitisme*, 379 F.3d 1120, 1125 (9th Cir. 2004); *Elima Biotronics, LLC v. Fuente Cigar Ltd.*, 291 F. Supp. 2d 1182, 1184-85 (D. Nev. 2003).

10) The initiation of the lawsuit against me in the State of California was committed as a bad-faith action or tactic that is frivolous or solely intended to cause unnecessary delay. The following facts support my statement:

   a) Signalife's stock trades on the American Stock Exchange under symbol AMEX: SGN.

   b) On June 27, 2007, Signalife received a notice of delistment from the American Stock Exchange based on Signalife's drop in stockholder's equity below AMEX's minimum requirements. *See* AMEX Rules 1003(a)(ii) and (a)(iii).

   c) On January 7, 2008, Signalife received a second Notice of delistment from American Stock Exchange based on Signalife's drop in stockholder's equity below AMEX's minimum requirements. *See* AMEX Rules 1003(a)(ii) and (a)(iii).

   d) Signalife was motivated to increase the stockholder's equity by pumping up its stock in the securities market. Signalife's stock was pumped in the following manner:

      i) By broadcasting the junk fax on February 14, 2008. The junk fax represents a securities market manipulation in violation of the Securities and Exchange Commission Rule 10b-5. Although Signalife had the affirmative duty to advise the

securities market that its stock was manipulated, it failed to discharge that duty. ["Failure to disclose that market prices are being artificially depressed operates as a deceit on the market place and is an omission of a material fact." *United States v. Charnay*, 537 F.2d 341, 351 (9th Cir.), cert. denied, 429 U.S. 1000, 97 S. Ct. 527, 50 L. Ed. 2d 610 (1976)] As a result, Signalife is an aider and abettor in the securities market manipulation and liable for the broadcast of the securities market manipulation device -- the junk fax dated February 14, 2008.

ii) By deceiving the securities market by a misleading and incomplete press release. Signalife issued a press release on June 3, 2008, in which it introduced a new CEO, Mr. Lee Ehrichman. The press release lauded Mr. Ehrichman's tenure at Cardiac Telecom Corporation where he "pioneered outpatient real-time cardiac telemetry technology and call center monitoring". The report stated that "Mr. Ehrlichman's successful history is known and is public record".

iii) The June 3, 2008, press release is misleading and incomplete because it does not disclose that Mr. Ehrichman actually ran Cardiac Telecom into bankruptcy. A review of Mr. Ehrlichman's tenure with Cardiac Telecom Corporation discloses that he was hired by Cardiac Telecom on June 6, 1996 and released on July 1, 2007. On August 31, 2007, Cardiac Telecom filed for bankruptcy in the United States Bankruptcy Court for the Western District of Pennsylvania under cause number 07-25499-JKF. The filing occurred less than 2 months after Mr. Ehrichman's departure. [An "untrue statement," i.e., a misstatement that comprises a half-truth or a whole lie (as opposed to an omission), is always misleading because a speaker, having begun to speak, is obliged to do so completely and truthfully. See *Caiola v. Citibank, N.A.*, 295 F.3d 312, 329-31 (2d Cir. 2002)]

11)    On June 16, 2008, Declarant filed an action in the United States District Court for the District of Arizona against Triple Play Stock Alert, but did not name Signalife as a party defendant. Declarant expects to file an amendment naming Signalife seasonably.

DATED this 23rd day of June, 2008.

DECLARANT

*[signature]*

_____

Peter Strojnik

-3-

# Exhibit B

E-Filing

## U.S. District Court
## California Northern District (San Jose)
## CIVIL DOCKET FOR CASE #: 5:07-mc-80115-JW

Peter Strojnik, P. C. v. Can Pay Mining Co., Inc., et al
Assigned to: Hon. James Ware
Referred to: Magistrate Judge Richard Seeborg

Date Filed: 04/27/2007
Date Terminated: 05/07/2008

### Plaintiff

**Peter Strojnik, P. C.**
*an Arizona Professional Corporation*

represented by **Peter Kristofer Strojnik**
Peter K Strojnik Law Office
1330 The Alameda #177
San Jose, CA 95126
(408) 655-0984
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**Can Pay Mining Co., Inc.,**
*an Arizona Corporation*

### Defendant

**David and Terri Flasha**
*Husband and Wife*

### Defendant

**DT Living Trust**
*co-trustees David Flasha Trustee;*

### Defendant

**ABC Persons**
*and entities I-X*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 04/27/2007 | 1 | REQUEST for filing of certification of Judgment for REGISTRATION IN another DISTRICT.. Filed byPeter Strojnik, P. C.. (cv, COURT STAFF) (Filed on 4/27/2007) (Entered: 04/30/2007) |
| 04/27/2007 | | Received Document (Certification of Judgment) re 1 Registration of Foreign Judgment. (cv, COURT STAFF) (Filed on 4/27/2007) (Entered: 04/30/2007) |
| 04/30/2007 | | CASE DESIGNATED for Electronic Filing. (cv, COURT STAFF) (Filed on 4/30/2007) (Entered: 04/30/2007) |

**4:07-cv-06330-CW** California Bankers Association et al v. TranSend International, Inc.
Claudia Wilken, presiding
**Date filed: 12/13/2007**
**Date of last filing: 07/14/2008**

# Case Summary

| | | |
|---|---|---|
| **Office:** Oakland | **Filed:** 12/13/2007 | |
| **Jury Demand:** None | **Demand:** | |

| | |
|---|---|
| **Nature of Suit:** 190 | **Cause:** 28:1441 Petition for Removal- Breach of Contract |
| **Jurisdiction:** Diversity | **Disposition:** |
| **County:** XX US, Outside State | **Terminated:** |
| **Origin:** 2 | **Reopened:** |
| **Lead Case:** None | |
| **Related Case:** None | **Other Court Case:** CGC-07-469350[San Francisco County Superior Court] |

**Def Custody Status:**
**Flags:** ADRMOP, E-Filing

| | | | |
|---|---|---|---|
| **Plaintiff:** California Bankers Association | represented by | Leland Chan | Phone:(916) 438-4404<br>Fax: (916) 321-9264 |
| **Plaintiff:** California Bankers Association | represented by | William Lewis Stern | Phone:415-268-7000<br>Fax: 415-268-7522<br>Email: wstern@mofo.com |
| **Plaintiff:** Bankers Benefits | represented by | Leland Chan | Phone:(916) 438-4404<br>Fax: (916) 321-9264 |
| **Plaintiff:** Bankers Benefits | represented by | William Lewis Stern | Phone:415-268-7000<br>Fax: 415-268-7522<br>Email: wstern@mofo.com |
| **Defendant:** TranSend International, Inc. | represented by | Peter Strojnik | Phone:602-524-6602<br>Fax: 602-297-3176<br>Email: strojnik@aol.com |
| **Defendant:** TranSend International, Inc. | represented by | Peter Kristofer Strojnik | Phone:408-297-5300<br>Fax: 408-297-0900 |
| **Counter-claimant:** TranSend International, Inc. | | | |
| **Counter-defendant:** California Bankers Association | represented by | Leland Chan | Phone:(916) 438-4404<br>Fax: (916) 321-9264 |
| **Counter-defendant:** California Bankers Association | represented by | William Lewis Stern | Phone:415-268-7000<br>Fax: 415-268-7522<br>Email: wstern@mofo.com |
| **Counter-defendant:** Bankers Benefits | represented by | Leland Chan | Phone:(916) 438-4404<br>Fax: (916) 321-9264 |

**Counter-defendant:** Bankers Benefits    **represented**   William Lewis    **Phone:**415-268-7000
                                               **by**       Stern               **Fax:**   415-268-7522
                                                                         **Email:** wstern@mofo.com

westlaw document                                                    Page 1 of 1
Case 2:09-cv-04096-GHK-RZ    Document 1    Filed 01/21/09    Page 55 of 101    Page ID
#:55

**PEOPLE FINDER HISTORIC TRACKER RECORD**

**Information Current Through:**    06-30-2008

**Database Last Updated:**    07-08-2008

**Update Frequency:**    MONTHLY

**Current Date:**    07/14/2008

**Source:**    TRANS UNION

### INDIVIDUAL INFORMATION

**Name:**    **PETE** STRONJNIK

**Also Known As:**    **STROJNIK, PETER K**

**SSN:**    601-07-XXXX

**On File Since:**    10/01/1998

### CURRENT ADDRESS INFORMATION

**Current Address:**    590 LAFAYETTE ST
SANTA CLARA, **CA** 95050-4914

**Address Last Reported:**    09/01/1998

END OF DOCUMENT

Adobe Reader is required to view PDF images.

(C) 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

## PEOPLE FINDER HOUSEHOLD-CENTRIC RECORD

**Information Current Through:**     04-25-2008

**Database Updated:**     06-29-2008

**Update Frequency:**     MONTHLY

**Current Date:**     07/14/2008

**Source:**     Data by InfoUSA, Copyright 2008, All Rights Reserved


## HEAD OF HOUSEHOLD INFORMATION

**Head of Household:**     MR **PETER STROJNIK**

**Marital Status:**     SINGLE

**Name/Address Last Confirmed:**     06/2007


## HOUSEHOLD INFORMATION

**Address:**     152 N 3RD ST
SAN JOSE, **CA** 95112-5560

**County:**     SANTA CLARA

**Residence Type:**     MULTI-FAMILY DWELLING

**Address First Reported:**     2007

**Telephone:**     408-297-5300
**Service Type:**     VOICE LINE

END OF DOCUMENT

Adobe Reader is required to view PDF images.

(C) 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

**PEOPLE FINDER HISTORIC TRACKER RECORD**

**Information Current Through:**    06-30-2008

**Database Last Updated:**    07-08-2008

**Update Frequency:**    MONTHLY

**Current Date:**    07/14/2008

**Source:**    TRANS UNION

### INDIVIDUAL INFORMATION

**Name:**    PETER K STROJNIK

**Also Known As:**    STROJNIK, PETER

**SSN:**    526-13-XXXX

**On File Since:**    11/11/2003

**Phone Number 1:**    602-297-3019

### CURRENT ADDRESS INFORMATION

**Current Address:**    3030 N CENTRAL AV 1500
PHOENIX, AZ 85012-2750

**Address Last Reported:**    05/19/2008

### PREVIOUS OR ADDITIONAL ADDRESS INFORMATION

**Previous Address:**    730 BELLOMY ST
SANTA CLARA, CA 95050-4908

**Address Last Reported:**    11/13/2000

**Previous Address:**    145 W GLENDALE AV
PHOENIX, AZ 85021-8722

**Address Last Reported:**    03/01/2000

**Previous Address:**    PO BOX 34563
PHOENIX, AZ 85067-4563

**Address Last Reported:**    10/01/2000

**Previous Address:**    3030 N CENTRAL AV
PHOENIX, AZ 85012-2707

**Address Last Reported:**    02/25/2004

1

### PROOF OF SERVICE

2  STATE OF CALIFORNIA,
   LOS ANGELES COUNTY

3

4  I reside in Los Angeles County in the State of California. I am over the age of 18. I am not a party to this action. My business address is 10900 Wilshire Boulevard, Suite 500,
5  Los Angeles, California 90024, (310) 208-1182.

6  On July 16, 2008, I served the document described as: **EX PARTE APPLICATION FOR A 75-DAY CONTINUANCE OF THE AUGUST 8, 2008 HEARING DATE ON**
7  **DEFENDANTS' MOTION TO QUASH SERVICE OF SUMMONS; DECLARATION OF DAVID Z. RIBAKOFF** on the interested parties in this action by:

8

9  __X__ BY UNITED STATES MAIL. I placed true copies of the document in sealed envelopes addressed to the individuals included on the service list, with prepaid
10  postage, in the U.S. mail in Los Angeles, California.

11  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service on that
12  same day in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1
13  day after the date of deposit for mailing in affidavit.

14

15  ____ BY OVERNIGHT DELIVERY. I enclosed the document in an envelope or package provided by an overnight delivery carrier and addressed to the persons included on
    the service list, with prepaid delivery fees, and deposited the package or envelope in a
16  regularly utilized drop box of the overnight delivery carrier.

17  __X__ BY EMAIL OR ELECTRONIC TRANSMISSION. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused
18  the documents to be sent to the persons at the e-mail addresses listed on the attached service
19  list. I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

20

21  ____ BY PERSONAL SERVICE. I placed true copies thereof in sealed envelope addressed as stated on the attached service list, and then I caused said envelopes to be
    delivered by hand to the addressee's office.
22

23  SEE ATTACHED LIST

24  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
25

26  Executed on July 16, 2008, in Los Angeles, California.

27  _____
    Katherine Sandoval

28

7

1

## SERVICE LIST

2

3  **U.S MAIL & EMAIL**
   Peter K. Strojnik, Esq.
4  **The Law Firm of Peter Strojnik**
5  5220 Fiore Terrace, Suite 113
   La Jolla, CA 92122
6  Facsimile: (858) 784-0119
   Email: pksesq@aol.com
7  **Attorney for Defendants**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# EXHIBIT 6

Subj:    **Re: Signalife v. Strojnik**
Date:    9/17/2008 1:05:17 P.M. US Mountain Standard Time
From:    PksEsq
To:      jcmlaw@sbcglobal.net
CC:      Strojnik

Thanks for your reply. The arguments are clever but not meritorious. For your information, my father and I never have worked as partners or conducted business together as attorneys. While I was in San Diego, I was working on a huge personal injury case. I lived there for four months and concluded that matter. I never saw my father in San Diego. This will all be confirmed in a Declaration.

Please take notice of these matters. I can appreciate your attempt to confuse my and my father's identities, but it is conspicuously transparent and insulting to the Court. Our offer is withdrawn and the offer is now $11,000. We again invite you to depose my father today, tomorrow, Friday, Saturday, or Sunday. Thank you.

Peter K. Strojnik, Esq.
THE LAW FIRM OF PETER STROJNIK
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Telephone:  (602) 297-3019
Facsimile:  (602) 264-1441
Mobile:  (408) 655-0984

Confidentiality Notice: The information contained in this electronic e-mail and any accompanying attachment(s) is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system. Thank you.

Psssst...Have you heard the news? There's a new fashion blog, plus the latest fall trends and hair styles at StyleList.com.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# EXHIBIT 7

1   Joseph C. Maher II, Esq. (CSBN 164117)
    **LAW OFFICE OF JOSEPH C. MAHER**
2   9025 Wilshire Blvd., 5th Floor
    Beverly Hills, California 90211
3   Tel.: (310) 204-1910
    Fax: (310) 204-5083
4

5   Attorneys for Plaintiff
    SIGNALIFE, INC.
6

7

8                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                    **FOR THE COUNTY OF LOS ANGELES**

10

11  SIGNALIFE, INC.,                          | **CASE NO. BC392638**

12              Plaintiff,                      Complaint Filed June 12, 2008
                                                Assigned to Hon. Robert Hess
13      vs.                                     Department 24

14
    PETER STROJNIK, P.C., an Arizona           **PLAINTIFF SIGNALIFE INC.'s**
15  Corporation; PETER STROJNIK, an            **OBJECTION TO JUDGE PRESIDING**
    Individual; and DOES 1 through 100,        **AT TRIAL AND FOR ALL PURPOSES –**
16  inclusive,                                 **DISQUALIFICATION OF JUDGE**
                                                *[Code of Civ. Proc.*, §170.3(c)1]
17              Defendants.

18

19                                             [Filed concurrently with Declaration of
                                               Joseph C. Maher II in Support of Objection
20                                             to Judge Presiding at Trial]

21

22

23

24

25

26

27

28

PLAINTIFF SIGNALIFE, INC.'S OBJECTION TO JUDGE PRESIDING AT TRIAL [C.C.P., 170.3(c)1]

1 **TO THE CLERK OF COURT AND TO ALL PARTIES AND THEIR ATTORNEYS**

2 **OF RECORD:**

3

4 PLEASE TAKE NOTICE THAT PLAINTIFF SIGNALIFE, INC. HEREBY

5 OBJECTS to Hon. Judge Robert Hess presiding as the judge for assigned for all purposes

6 including trial of this action and in any further proceedings concerning this action.

7 Said objection is based *Code of Civ. Proc.*, §§170.1(a)(6)(A)(iii), 170.1(a)(6)(B)

8 which state in pertinent part,

9 "170.1. (a) A judge shall be disqualified if any one or more of the following is true:

10 (6) (A) For any reason:

11

12 (iii) A person aware of the facts might reasonably entertain a doubt that the judge would be able to be impartial."

13 Said objection is also based and upon the court files and upon the facts and upon the grounds

14 set forth in the concurrently filed declaration of Joseph C. Maher II, attorney for Plaintiff

15 Signalife, Inc.[*]

16 DATED: September 22, 2008.　　　　LAW OFFICE OF JOSEPH C. MAHER

17

18 　　　　　　　　　　　　　　BY: _____

19 　　　　　　　　　　　　　　　　JOSEPH C. MAHER II
　　　　　　　　　　　　　　　　Attorneys for Plaintiff

20

21

22

23

24

25

26

27

28 [*] *Code of Civ. Proc.*, §170.3(c) requires a "verified statement" by a "party," but an attorney's declaration under penalty of perjury is held to satisfy this requirement. *Hollingsworth v. Superior Court* (1987) 191 Cal.App.3d 22, 25-26.

PLAINTIFF SIGNALIFE, INC.'S OBJECTION TO JUDGE PRESIDING AT TRIAL [C.C.P., 170.3(c)]

# PROOF OF SERVICE

STATE OF CALIFORNIA

ss.

COUNTY OF LOS ANGELES

**Case:** *Signalife, Inc. v. Stroynik* - L.A.S.C., Case No. BC392638

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and am not a party to the within action. My business address is 9025 Wilshire Blvd., Beverly Hills, CA 90211.

On September 22, 2008, I served the foregoing document entitled, **PLAINTIFF SIGNALIFE INC.'s OBJECTION TO JUDGE PRESIDING AT TRIAL – DISQUALIFI-CATION OF JUDGE [C.C.P., §170.3(c)1]**, on all interested parties in this action [x] by placing true copies [x] by placing the original thereof enclosed in sealed envelopes addressed as follows:

**BY FACSIMILE AND EMAIL TO:**
Peter K. Strojnik, Esq.
THE LAW FIRM OF PETER STOJNIK
3030 North Central Ave., Suite 1401
Phoenix, AZ 85012
Tel.: (408) 655-0984 Fax: (602) 264-1441

**BY PERSONAL DELIVERY TO:**
Los Angeles Superior Court
Stanley Mosk Courthouse, Department 1
111 North Hill Street
Los Angeles, CA 90012

**BY PERSONAL DELIVERY TO:**
Hon. Robert Hess, Department 24
Los Angeles Superior Court, Stanley Mosk Courthouse
111 North Hill Street
Los Angeles, CA 90012

[ ] **BY MAIL** [ ] I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid;

[ ] As indicated above, I caused such envelopes to be deposited in the U.S. Mail, by placing them for collection and mailing in the United States mail at Los Angeles, California. I am readily familiar with the office's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

[x] **FACSIMILE and EMAIL** As indicated above, I caused the above-referenced document to be transmitted by fax and email to the addressee(s) using the facsimile number and email adresses listed above. I caused the machine to print a transmission report of the transmission(s) confirming that the facsimile(s) was(were) sent and received without error, and the email transmission did not report any errors.

[x] **PERSONAL DELIVERY** As indicated above, I caused the above-reference envelope to be delivered by hand to the offices of the addressee(s).

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed on September 22, 2008, at Los Angeles, California.

Joseph C. Maher II

- 3 -

Joseph C. Maher II, Esq. (CSBN 164117)
**LAW OFFICE OF JOSEPH C. MAHER**
9025 Wilshire Blvd., 5th Floor
Beverly Hills, California 90211
Tel.: (310) 204-1910
Fax: (310) 204-5083

Attorneys for Plaintiff
SIGNALIFE, INC.

ORIGINAL FILED

SEP 22 2008

LOS ANGELES
SUPERIOR COURT

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| SIGNALIFE, INC., <br><br> Plaintiff, <br><br> vs. <br><br> PETER STROJNIK, P.C., an Arizona Corporation; PETER STROJNIK, an Individual; and DOES 1 through 100, inclusive, <br><br> Defendants. | CASE NO.  BC392638 <br><br> Complaint Filed June 12, 2008 <br> Assigned to Hon. Robert Hess <br> Department 24 <br><br> **DECLARATION OF JOSEPH C. MAHER II IN SUPPORT OF PLAINTIFF SIGNALIFE INC.'s OBJECTION TO JUDGE PRESIDING AT TRIAL AND FOR ALL PURPOSES – DISQUALIFICATION OF JUDGE** *[Code of Civ. Proc.*, §170.3(c)]* <br><br> [Filed concurrently with Plaintiff Signalife, Inc.'s Objection to Judge Presiding at Trial] |

**TO THE CLERK OF COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

- 1 -

DEC. OF MAHER IN SUPPORT OF PLAINTIFF'S OBJ. TO JUDGE PRESIDING AT TRIAL [C.C.P., 170.3(c)1]

## DECLARATION OF JOSEPH C. MAHER II

I, JOSEPH C. MAHER II, declare:

1.   I am an attorney at law, admitted to practice before all the courts of the State of California. I am the attorney for Plaintiff Signalife, Inc. I make this declaration in support of Plaintiff Signalife, Inc.'s Objection To Judge Presiding At Trial And For All Purposes – Disqualification Of Judge, *Code of Civ. Proc.*, §170.3(c)1. If called upon to do so, I could and would competently testify to the following.

2.   This is declaration is compelled and is not lightly taken. I have respect for the institution of the Court system of this country -- municipality, city, state, all other states, and federal. However, I also have a fiduciary duty to my client Signalife, Inc. I have a thick skin. But on such occasions (even if enduring personal attacks) it was none-the-less not outwardly biased towards my client either personally or by status. The deference afforded the Judiciary sitting on current matters is founded on impartiality; and the public trust is breached by bias and prejudice.           *not true - July 17*

3.   And on September 17, 2008, evidence of overtly biased judicial behavior in this matter first came to my knowledge. (See, paragraph 8 below.) I was able to consult with my client on Friday, September 19, 2008, who had not been apprised of this previously, and this objection and declaration are filed at the first available opportunity.

4.   This matter arises from the instant litigation which is Declaratory relief action in which Defendant has alleged that Plaintiff was involved in a junk fax scheme. The allegations of Defendant are preposterous *and Defendant has yet to produce any original fax that confirms Plaintiff Signalife had any involvement in any such junk fax scheme.* Yet without such confirmation, Defendant filed a *BILLION* dollar lawsuit in the State of Arizona, alleging Plaintiff's involvement without serving Plaintiff with any lawsuit. Defendant served a demand letter on Plaintiff. Plaintiff Signalife, Inc.'s principal place of business is Los Angeles, California.     *not true*

5.   Defendant is an attorney licensed in Arizona who has represented litigation matters in the State of California. Defendant has entered into contractual relationships for

-2-

automobiles, leaseholds, education, etc. in the State of California. Defendant's current California attorney is his son, who has recently moved his practice to the offices of Defendant.

6.     Plaintiff has sought by this lawsuit a declaration of rights. Defendant (who is an attorney) also serves as the lead Plaintiff in the class action lawsuit he has filed against Plaintiff in Arizona. There is something very suspect about that, when an attorney has to file a lawsuit using himself as a lead plaintiff. Plaintiff Signalife has a right to protect itself from an alleged Billion dollar lawsuit that from all outward appearances is spurious and illegitimate. Based on information obtained by Signalife's attorneys, there was available public information that certainly implicated Defendant's presence in the State of California.

7.     In response to Plaintiff's declaratory relief action, Defendant filed a Motion to Quash. Thereafter, Plaintiff noticed, and an ex parte hearing was held on July 17, 2008, in department 24 of the above-entitled court, with Hon. Robert Hess presiding, for the purpose of engaging in discovery related to jurisdiction only.

8.     At this hearing, the trial Judge, Hon. Robert Hess, made the following comments, which counsel for Defendant informed me were made (counsel for Defendant took "excellent notes") in his letter of September 17, 2008, of which a true and correct copy is attached hereto as Exhibit 1. The comments were:

- "Why are we here?"
- "Rethink whether this case oughta go forward."
- "If you don't come up with anything, maybe you oughta dismiss this case."
- "I want work that is necessary, not unnecessary work."
- "I foresee a motion that would require Signalife to pay substantial attorneys' fees."

9.     The instant objection to the trial judge and this declaration arises from these comments, which separately and collectively involve the overt and objective bias of the trial judge in this matter. This motion to quash has not been ruled upon, nor has a tentative ruling been issued.[1]

---

[1] No tentative ruling was posted on-line through the Los Angeles Superior Court website, which I duly checked.

10.     This action, as presented by Plaintiff, is not unnecessary work. Plaintiff has been sued by an attorney who listed himself as a lead plaintiff in a class action lawsuit which is indicative of a highly suspect litigation. In the whole United States, the Defendant could not find one plaintiff? Plaintiff, as a business with its principal place of business in the State of California has the right to protect itself here, and it is beyond the pale of good faith to seek a declaration of rights in this matter. This comment when taken in the totality of the other comments made, demonstrates that the trial judge has prejudged this matter, so under 170.1(a)(6)(iii) - "A person aware of the facts might reasonably entertain a doubt that the judge would be able to be impartial."

11.     Likewise, the trial judge's comment, "Why are we here" is on the same footing. As discussed above, there is plenty good reason to be in court. Plaintiff has the right to defend itself against actions of the type Defendant has brought. This comment, when taken in the context of the other comments is truly an objective declarative statement that the trial judge has prejudged this matter and has determined, before any other papers or argument before him, that in his mind, the case should not be before him. This comment certainly leads to a conclusion that a person might reasonably entertain a doubt that the judge has a serious impartiality issue in this case.

12.     The comment by the trial judge that Plaintiff "Rethink whether this case oughta go forward" is the type of comment that objectively signals the trial judges' bias in the matter. This comment, when combined with, "If you don't come up with anything, maybe you oughta dismiss this case," now leaves a clear and unmistakable impression that the trial judge has formed his ultimate opinion that is partial, and that the trial judge is actually issuing a directive to dismiss the case. This type of comment, when combined with the other comments now leaves no options for Plaintiff. The trial judge has judged this case, and at this point has usurped counsel for Plaintiff Signalife's ability to assess the factual information gleaned and make appropriate decisions.

13.     The following statement, "I foresee a motion that would require Signalife to pay substantial attorneys' fees" stands unmitigated by itself as an objective indicator that the

- 4 -

1  trial judge has prejudged this matter, made his decision, and has provided improper direction

2  to the Defendant, so under 170.1(a)(6)(iii) - "A person aware of the facts might reasonably

3  entertain a doubt that the judge would be able to be impartial."

4      14.   How could this comment be made about the imposition of monetary sanctions,

5  which is an issue that requires a separately noticed motion requiring evidence, law and

6  argument? *This comment can only be made if the trial judge has prejudged the case and is*

7  *impartial about the outcome. It is the only way this comment can be made.* It must be

8  remembered that the foundation of the litigation system in the United States and in the State

9  of California is the ready access to the judicial branch of government, and that the imposition

10  of attorneys' fees is not the norm, but an extraordinary circumstance. This comment can

11  only be a prejudgment of the case. It is so because, even if Plaintiff lost the motion, that in

12  no way entitles "substantial attorneys' fees" to be awarded. The trial judge the outcome of

13  the last possible motion in the case before the matter was even concluded.

14      15.   In fact, *by defense counsel's own comments*, the case was prejudged by the

15  Hon Robert Hess, and in defense counsel's own mind, the judge had already declared a

16  victory. Defense counsel now writes, "Judge Hess' advice will be pursued...[unless]

17  Signalife tenders...$10,000..." This proves the point.

18      16.   Here, by the single statement above about attorneys' fees, that single statement

19  alone is sufficient to trial judge's prejudgment of the case. The comment expresses an

20  objective statement about the conclusion of this matter, before a conclusion has been

21  reached. It expresses a conclusion reached that can only be reached after the motion was

22  heard, and then only after another separately noticed motion in which the burden on the

23  moving party (here the Defendant) is very high. Here, there is no room for doubt as to the

24  trial judge's impartiality because the trial judge has already weighed and heard the future

25  motion and come to a ruling upon the same.

26      17.   With this statement about "substantial attorneys' fees", and when it is

27  combined with all the other prejudicial statements by the trial judge, the collective

28  expression of the trial judge was that he had already conducted a partisan factual hearing and

-5-

1 | determination of facts not yet before the court, and ultimate conclusions reached based

2 | thereon; whereby, a person aware of the facts might reasonably entertain a doubt that the

3 | judge would be able to be impartial

4 |     I declare under penalty of perjury, under the laws of the State of California, that the

5 | foregoing is true and correct.

6 |     Executed this 22nd day of September, 2007, at Los Angeles, California.

7

8 |     JOSEPH C. MAHER II, Declarant

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

Case 2:09-cv-01095-GHK-RZ Document 5-3 Filed 01/21/09 Page 73 of 101 Page ID #:73

# THE LAW FIRM OF
# **PETER STROJNIK**

September 17, 2008

Joseph C. Maher, II, Esq.
9025 Wilshire Boulevard, 5ᵗʰ Floor
Beverly Hills, California 90211

### Via Facsmile Only: (310) 204-5083

Re:    Motion to Quash
*Signalife, Inc. v. Peter Strojnik, P.C. et al.*

Dear Mr. Maher:

Thank you for your call today. You informed me that you had sent me opposition papers to my client's Motion to Quash and a Notice of Deposition for my father last week, but you sent it to my old office address in San Diego. I informed you that in the file was a Notice of Change of Address that was filed several months ago notifying all sides that my new address is here in Phoenix (see below footer). You sent me these papers to the wrong address notwithstanding the Notice of Change of Address filed on July 22, 2008 and the correspondence notifying Signalife of said change on July 23, 2008. I asked you to send me the Opposition and Notice today via email to pksesq@aol.com.

Furthermore, you informed me that you will be requesting a continuance on the hearing on September 22, 2008 so that you have time to depose my father. You are taking the Ex Parte Application off calendar for tomorrow. As I told you today, at the July 17, 2008 Ex Parte Hearing I informed all parties and the judge that Signalife's attorneys can come to Phoenix any time they want to depose my father. Today, I informed you that you can come to Phoenix to depose my father today, Thursday the 18ᵗʰ, Friday the 19ᵗʰ, Saturday the 20ᵗʰ, or Sunday the 21ˢᵗ. A continuance is not likely to be granted when not only you received the discovery responses in time to serve a Notice, but also when I informed all parties that Signalife can depose my father whenever they desire.

As I told you on the phone today, I take excellent notes whenever I speak with someone on the telephone and during all motions whether telephonic or in person. At the July 17, 2008 Ex Parte Hearing, Judge Hess offered the following paraphrased quotes:

"Why are we here?"

"rethink whether this case oughta go forward"

3030 NORTH CENTRAL AVENUE – SUITE 1401 – PHOENIX – ARIZONA – 85012

TEL: 408.655.0984 – FAX: 602.264.1441 – EMAIL: PKSESQ@AOL.COM

09/17/2008  10:08       6022641441                    PETER STROJNIK, ESQ.                    PAGE  02/02

Peter Strojnik                              Page 2                              9/17/2008

"If you don't come up with anything, maybe you oughta dismiss this case."

"I want work that is necessary, not unnecessary work."

"I foresee a motion that would require Signalife to pay substantial attorneys' fees."

The request for a continuance probably will not fly. The inconsistencies in declarations and moving papers about which you spoke today are stretching it. Finally, the fact that a Deposition is still required on your end tells me that you still do not have enough facts for a meritorious opposition. None exists, and my father will tell you that in a deposition today, Thursday the 18th, Friday the 19th, Saturday the 20th, or Sunday the 21st.

I have approximately $20,000 in billable hours on this "beat you to the punch" lawsuit before our conversation and this letter. Judge Hess' advice will be pursued if this Motion to Quash moves forward. My client offers to forego seeking attorneys' fees so long as Signalife tenders approximately 1/2 of my billable hours for the sum of $10,000.00 and files a dismissal.

I look forward to your communication as promised. You may contact me any time on my mobile at (408) 655-0984. Thank you.

Very Truly Yours,

Peter K. Strojnik, Esq.

# PROOF OF SERVICE

STATE OF CALIFORNIA

ss.

COUNTY OF LOS ANGELES

**Case:** *Signalife, Inc. v. Stroynik* - L.A.S.C., Case No. BC392638

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and am not a party to the within action. My business address is 9025 Wilshire Blvd., Beverly Hills, CA 90211.

On September 22, 2008, I served the foregoing document entitled, **DECLARATION OF JOSEPH C. MAHER II IN SUPPORT OF PLAINTIFF SIGNALIFE INC.'s OBJECTION TO JUDGE PRESIDING AT TRIAL – DISQUALIFI-CATION OF JUDGE [C.C.P., §170.3(c)1],** on all interested parties in this action [x] by placing true copies [x] by placing the original thereof enclosed in sealed envelopes addressed as follows:

**BY**                                                   **TO:**   **BY PERSONAL DELIVERY TO:**
Peter K. Strojnik, Esq.                                         Hon. Robert Hess, Department 24
THE LAW FIRM OF PETER STOJNIK                                   Los Angeles Superior Court, Stanley Mosk
3030 North Central Ave., Suite 1401                             Courthouse
Phoenix, AZ 85012                                               111 North Hill Street
Tel.: (408) 655-0984 Fax: (602) 264-1441                       Los Angeles, CA 90012
**BY PERSONAL DELIVERY TO:**
Los Angeles Superior Court
Stanley Mosk Courthouse, Department 1
111 North Hill Street
Los Angeles, CA 90012

[ ] **BY MAIL**        [ ] I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid;

[ ] As indicated above, I caused such envelopes to be deposited in the U.S. Mail, by placing them for collection and mailing in the United States mail at Los Angeles, California. I am readily familiar with the office's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

[ ] **FACSIMILE and EMAIL** As indicated above, I caused the above-referenced document to be transmitted by fax and email to the addressee(s) using the facsimile number and email adresses listed above. I caused the machine to print a transmission report of the transmission(s) confirming that the facsimile(s) was(were) sent and received without error, and the email transmission did not report any errors.

[ x ] **PERSONAL DELIVERY** As indicated above, I caused the above-reference envelope to be delivered by hand to the offices of the addressee(s).

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed on September 22, 2008, at Los Angeles, California.

Joseph C. Maher II

- 7 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24  **EXHIBIT 8**

25

Peter K. Strojnik, California Bar Number 242728
THE LAW FIRM OF PETER STROJNIK
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Telephone: 408-655-0984
Facsimile: 602-264-1441
e-mail: pksesq@aol.com
Attorney for Defendants

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| SIGNALIFE, INC., a Delaware Corporation, | ) NO. BC392638 )<br>)<br>)    **NOTICE OF RULING ON DEFENDANTS'** |
| Plaintiff, | )         **MOTION TO QUASH** |
| | )<br>) |
| vs. | )<br>) |
| PETER STROJNIK, P.C., an Arizona Corporation; PETER STROJNIK, an individual; and DOES 1 through 100, inclusive, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

TO PLAINTIFF SIGNALIFE, INC. AND ITS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE the Honorable Robert Hess <u>granted</u> Defendants' Motion to Quash on October 16, 2008.

RESPECTFULLY SUBMITTED this 16th day of October, 2008.

THE LAW FIRM OF PETER STROJNIK

By: Peter K. Strojnik, Esq.
Attorney for Defendants

-1-

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES
### CASE NUMBER BC392638

I am a citizen of the United States of America and employed in the County of Maricopa, State of Arizona. I am over the age of 18 years, and not a party to the within action; my business address is 3030 North Central Avenue, Suite 1401, Phoenix, Arizona 85012. On the date set forth below, I served the documents described below:

### NOTICE OF RULING ON DEFENDANTS' MOTION TO QUASH

On the following person in this action by placing a true copy thereof in a sealed envelope, postage prepaid first class mail as follows:

**JOSEPH C. MAHER II, ESQ.**
**LAW OFFICE OF JOSEPH C. MAHER**
**9025 WILSHIRE BOULEVARD, 5TH FLOOR**
**BEVERLY HILLS, CALIFORNIA 90211**
**EMAIL: JCMLAW@SBCGLOBAL.NET**

[ ✗ BY MAIL: I caused such envelope with postage thereon fully prepaid to be placed in the United States mail in Phoenix, Arizona.

[ ✗ BY EMAIL: I caused the documents above to be scanned into PDF Format and electronically mailed said documents to the person and email address noted above.

[ ✗ STATE: I declare under penalty of perjury that the foregoing is true and correct.

Executed this 16th Day of October, 2008.

Peter K. Strojnik, Esq.



The Law Firm of
Peter K. Strojnik, Esq.
3030 N. Central Avenue, Ste 1401
Phoenix, Arizona 85012

Luan Kinh Phan
10900 Wilshire Blvd., Suite 500
Los Angeles, California 90024

1   Peter Kristofer Strojnik, Esq.
    California State Bar No. 242728
2   Arizona State Bar No. 026082
3   THE LAW FIRM OF PETER K. STROJNIK
    3030 North Central Avenue, Suite 1401
4   Phoenix, Arizona 85012
    Telephone: 602-297-3019
5   Facsimile: 602-264-1441
6   Email: pksesq@aol.com

7   Attorney for Plaintiffs

8            IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9              IN AND FOR THE COUNTY OF MARICOPA

10                                                CV2008-031720
    PETER STROJNIK, P.C., an Arizona      ) NO.
11  Corporation; PETER STROJNIK, an       )          **SUMMONS**
    individual,                           )
12                                        )         (MARY CLAIRE PHAN)
                                          )
13                          Plaintiffs,   )
                                          )
14       vs.                              )
                                          )
15  HEART TRONICS, INC., a Delaware       )
    Corporation f/k/a Signalife, Inc.; JOSEPH )
16  CYRIL MAHER, II, an individual d/b/a  )
    THE LAW OFFICES OF JOSEPH C.          )    If you would like legal advice from a lawyer,
17  MAHER; ALICIA DORA MAHER, an          )    contact the Lawyer Referral Service at
18  individual; POLLET, RICHARDSON &      )          602-257-4434
    PATEL, a California Law Corporation;   )              or
19  LUAN KINH PHAN, an individual;        )       www.lawyerfinders.org
    MARY CLAIRE PHAN, an individual;      )          Sponsored by the
20  DAVID ZEV RIBAKOFF, an individual;    )      Maricopa County Bar Association
21  JANE DOE RIBAKOFF, an individual;     )
    ABC DEFENDANTS 1-50,                  )
22                                        )
23                          Defendants.   )

24  TO:   **MARY CLAIRE PHAN**
          5885 West 74th Street
25        Los Angeles, California 90045

-1-

1    **YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time

2   applicable, in this action in this Court. If served within Arizona, you shall appear and defend

3   within 20 days after the service of the Summons and the Complaint upon you, exclusive of the day

4   of service. If served out of the State of Arizona – whether by direct mail, by registered or certified

5   mail, or by publication – you shall appear and defend within 30 days after the service of the

6   Summons and Complaint upon you is complete, exclusive the day of service. When process is

7   served upon the Arizona Director of Insurance as an insurer's attorney to receive service of

8   process against it in this State, the insurer shall not be required to appear, answer or plead until the

9   expiration of 40 days of such service upon the Director. Service by registered or certified mail

10   without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of

11   service with the Court. Service by publication is complete 30 days after the date of first

12   publication. Direct service by mail is complete when made. Service upon the Arizona Motor

13   Vehicle Superintendent is complete 30 days after the Affidavit of Compliance and return receipt

14   of Officer's Return. **RCP 4.1 and 4.2; A.R.S. §§ 20-222, 28-502, 28-503.**

15    **YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend**

16   **within the time applicable, judgment by default may be rendered against you for the relief**

17   **demanded in the Complaint. YOU ARE CAUTIONED that in order to appear and**

18
19   **defend, you must file an Answer or proper response in writing with the Clerk of the**

20   **Court, accompanied by the necessary filing fee, within the time required, and you are**

21   **required to serve a copy of any Answer or Response upon plaintiffs' attorney.**

22    A request for reasonable accommodations for persons with disabilities must be made to the

23   division assigned to the case by the parties at least (3) three days before the scheduled court

24   proceeding.

25

-2-

The name and address of the attorney for the plaintiffs is:

Peter Kristofer Strojnik, Esq.
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012-2712

SIGNED AND SEALED this date:_____

MICHAEL K. JEANES, CLERK

**COPY**

DEC 1 5 2008

By: Deputy Clerk

-3-

1  Peter Kristofer Strojnik, Esq.
   California State Bar No. 242728
2  Arizona State Bar No. 026082
3  THE LAW FIRM OF PETER K. STROJNIK
   3030 North Central Avenue, Suite 1401
4  Phoenix, Arizona 85012
   Telephone: 602-297-3019
5  Facsimile: 602-264-1441
6  Email: pksesq@aol.com

7  Attorney for Plaintiffs

8          IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9              IN AND FOR THE COUNTY OF MARICOPA

10

11 PETER STROJNIK, P.C., an Arizona      ) NO.
   Corporation; PETER STROJNIK, an       )        CV2008-031720
12 individual,                           )                SUMMONS
                                         )
                                         )        (LUAN KINH PHAN)
13              Plaintiffs,              )
                                         )
14     vs.                               )
                                         )
15 HEART TRONICS, INC., a Delaware       )
16 Corporation f/k/a Signalife, Inc.; JOSEPH )
   CYRIL MAHER, II, an individual d/b/a  )
17 THE LAW OFFICES OF JOSEPH C.          )
   MAHER; ALICIA DORA MAHER, an          )      If you would like legal advice from a lawyer,
18 individual; POLLET, RICHARDSON &      )      contact the Lawyer Referral Service at
   PATEL, a California Law Corporation;   )
19 LUAN KINH PHAN, an individual;        )              602-257-4434
20 MARY CLAIRE PHAN, an individual;      )                   or
   DAVID ZEV RIBAKOFF, an individual;    )      www.lawyerfinders.org.
21 JANE DOE RIBAKOFF, an individual;     )              Sponsored by the
   ABC DEFENDANTS 1-50,                  )      Maricopa County Bar Association
22                                       )
23              Defendants.              )

24 TO:   LUAN KINH PHAN
            10900 Wilshire Boulevard, Suite 500
25          Los Angeles, California 90024

-1-

1    **YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time

2    applicable, in this action in this Court. If served within Arizona, you shall appear and defend

3    within 20 days after the service of the Summons and the Complaint upon you, exclusive of the day

4    of service. If served out of the State of Arizona – whether by direct mail, by registered or certified

5    mail, or by publication – you shall appear and defend within 30 days after the service of the

6    Summons and Complaint upon you is complete, exclusive the day of service. When process is

7    served upon the Arizona Director of Insurance as an insurer's attorney to receive service of

8    process against it in this State, the insurer shall not be required to appear, answer or plead until the

9    expiration of 40 days of such service upon the Director. Service by registered or certified mail

10   without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of

11   service with the Court. Service by publication is complete 30 days after the date of first

12   publication. Direct service by mail is complete when made. Service upon the Arizona Motor

13   Vehicle Superintendent is complete 30 days after the Affidavit of Compliance and return receipt

14   of Officer's Return. RCP 4.1 and 4.2; A.R.S. §§ 20-222, 28-502, 28-503.

15   **YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend**

16   **within the time applicable, judgment by default may be rendered against you for the relief**

17   **demanded in the Complaint. YOU ARE CAUTIONED that in order to appear and**

18
19   **defend, you must file an Answer or proper response in writing with the Clerk of the**

20   **Court, accompanied by the necessary filing fee, within the time required, and you are**

21   **required to serve a copy of any Answer or Response upon plaintiffs' attorney.**

22   A request for reasonable accommodations for persons with disabilities must be made to the

23   division assigned to the case by the parties at least (3) three days before the scheduled court

24   proceeding.

25

-2-

1    The name and address of the attorney for the plaintiffs is:

2

3                         Peter Kristofer Strojnik, Esq.
                          3030 North Central Avenue, Suite 1401
4                         Phoenix, Arizona 85012-2712

5

6    SIGNED AND SEALED this date:_____

7                                   MICHAEL K. JEANES, CLERK

8                                          COPY

9                                   _____  DEC 15 2008
                                    By: Deputy Clerk

10                                          MICHAEL K. JEANES, CLERK
                                            A. JAMES
11                                          DEPUTY CLERK

12

13

14

15

16

17

18

19

20

21

22

23

24

25

-3-

# EXHIBIT B

1  Peter K. Strojnik, Arizona State Bar No. 026082
   THE LAW FIRM OF PETER K. STROJNIK

**COPY**

2  3030 North Central Avenue, Suite 1401

JAN – 8 2009

3  Phoenix, Arizona 85012
   Telephone: 408-655-0984

MICHAEL K. JEANES, CLERK
K. SULLIVAN
DEPUTY CLERK

4  Facsimile: 602-264-1441
   E-mail: *pksesq@aol.com*

5  Website: Strojniklaw.com
   Attorney for Plaintiff

6

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

7  ## IN AND FOR THE COUNTY OF MARICOPA

8  PETER STROJNIK, P.C., an Arizona          ) NO. CV2008-031720
   Corporation; PETER STROJNIK, an           )
9  individuial,                              )   **RULE 4.2 DECLARATION OF SERVICE BY**
                                             )   **MAIL OF PERSON OUTSIDE OF ARIZONA**
10                                Plaintiffs, )
                                             )       **(Luan Kinh Phan)**
11         vs.                               )
                                             )
12                                           )
   HEART TRONICS, INC. et al.,               )
13                                           )
                                 Defendants. )
14

15  The undersigned hereby makes the following Declaration under the penalty of perjury under the laws of

16  the State of Arizona:

17  1. My name is Peter K. Strojnik. I have personal knowledge of all statements made herein.

18  2. Defendant Luan Kinh Phan is known to be located outside of the State of Arizona.

19  3. The summons and a copy of the Complaint, Civil Cover sheet and Certificate of Arbitration

20     were dispatched to Defendant Phan.

21  4. Such papers were in fact received by Defendant Phan on December 23, 2008 (see attached).

22  5. The date of receipt by the party being served and the date of return of the receipt to the sender is

23     December 23, 2008 and December 29, 2008.

24

25

-1-

RESPECTFULLY SUBMITTED THIS 6th day of January, 2009.

**PETER K. STROJNIK**

Peter K. Strojnik
Attorney for Plaintiff

---

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Luan Kinh Phan
10900 Wilshire Blvd #500
Los Angeles, CA 90024

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X ☐ Agent
☑ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery
12/23/08

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*   ☐ Yes

2. Article Number
*(Transfer from service label)*

7008 1140 0001 4699 5241

PS Form **3811**, February 2004    Domestic Return Receipt    102595-02-M-1540

-2-

1  Peter K. Strojnik, Arizona State Bar No. 026082
   THE LAW FIRM OF PETER K. STROJNIK
2  3030 North Central Avenue, Suite 1401
   Phoenix, Arizona 85012
3  Telephone: 408-655-0984
   Facsimile: 602-264-1441
4  E-mail: *pksesq@aol.com*
   Website: Strojniklaw.com
5  Attorney for Plaintiff

**COPY**

JAN − 8 2009

MICHAEL K. JEANES, CLERK
K. SULLIVAN
DEPUTY CLERK

6

7              **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
               **IN AND FOR THE COUNTY OF MARICOPA**

8  PETER STROJNIK, P.C., an Arizona          ) NO.  CV2008-031720
   Corporation; PETER STROJNIK, an           )
9  individuial,                              )
                                             )   **RULE 4.2 DECLARATION OF SERVICE BY**
10                                           )   **MAIL OF PERSON OUTSIDE OF ARIZONA**
                          Plaintiffs, )
11                                           )            **(David Zev Ribakoff)**
             vs.                             )
12                                           )
   HEART TRONICS, INC. et al.,               )
13                                           )
                          Defendants. )
14

15  The undersigned hereby makes the following Declaration under the penalty of perjury under the laws of

16  the State of Arizona:

17     1. My name is Peter K. Strojnik.  I have personal knowledge of all statements made herein.

18     2. Defendant David Zev Ribakoff is known to be located outside of the State of Arizona.

19     3. The summons and a copy of the Complaint, Civil Cover sheet and Certificate of Arbitration

20         were dispatched to Defendant Ribakoff.

21     4. Such papers were in fact received by Defendant Ribakoff on December 23, 2008 (see attached).

22     5. The date of receipt by the party being served and the date of return of the receipt to the sender is

23         December 23, 2008 and December 29, 2008.

24

25

-1-

RESPECTFULLY SUBMITTED THIS 6th day of January, 2009.

**PETER K. STROJNIK**

Peter K. Strojnik
Attorney for Plaintiff

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature
X _____ ☐ Agent ☐ Addressee

B. Received by (*Printed Name*)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

1. Article Addressed to:
David Zev Ribakoff
10900 Wilshire Blvd,
Ste 500
Los Angeles, CA
    90024

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*)    ☐ Yes

2. Article Number
(*Transfer from service label*)    7008 1140 0001 4699 5265

PS Form **3811**, February 2004    Domestic Return Receipt    102595-02-M-1540

-2-

Peter K. Strojnik, Arizona State Bar No. 026082
THE LAW FIRM OF PETER K. STROJNIK
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Telephone: 408-655-0984
Facsimile: 602-264-1441
E-mail: *pksesq@aol.com*
Website: Strojniklaw.com
Attorney for Plaintiff

**COPY**

JAN − 8 2009

MICHAEL K. JEANES, CLERK
K. SULLIVAN
DEPUTY CLERK

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

PETER STROJNIK, P.C., an Arizona
Corporation; PETER STROJNIK, an
individuial,

Plaintiffs,

vs.

HEART TRONICS, INC. et al.,

Defendants.

) NO. CV2008-031720
)
)
) **RULE 4.2 DECLARATION OF SERVICE BY**
) **MAIL OF PERSON OUTSIDE OF ARIZONA**
)
) **(Joseph Cyril Maher, II)**
)
)
)
)
)
)

The undersigned hereby makes the following Declaration under the penalty of perjury under the laws of the State of Arizona:

1. My name is Peter K. Strojnik. I have personal knowledge of all statements made herein.

2. Defendant Joseph Cyril Maher is known to be located outside of the State of Arizona.

3. The summons and a copy of the Complaint, Civil Cover sheet and Certificate of Arbitration were dispatched to Defendant Maher.

4. Such papers were in fact received by Defendant Maher on December 29, 2008 (see attached).

5. The date of receipt by the party being served and the date of return of the receipt to the sender is December 29, 2008 and January 5, 2009.

-1-

1

RESPECTFULLY SUBMITTED THIS 6th day of January, 2009.

2

**PETER K. STROJNIK**

3

4

Peter K. Strojnik
Attorney for Plaintiff

5

6

7

**SENDER:** *COMPLETE THIS SECTION*

8
- Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.
9
- Print your name and address on the reverse so that we can return the card to you.
10
- Attach this card to the back of the mailpiece, or on the front if space permits.

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature ☐ Agent ☐ Addressee

B. Received by (*Printed Name*)   C. Date of Delivery 12/29/8

11

1. Article Addressed to:

12

Joseph Cyril Maher, II
9025 Willshire Blvd, 5th FL
Beverly Hills, CA 90211

13

D. Is delivery address different from Item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

14

3. Service Type
☒ Certified Mail   ☐ Express Mail
15
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

16

4. Restricted Delivery? (*Extra Fee*)   ☐ Yes

17

2. Article Number
(*Transfer from service label*)   7008 1140 0001 4699 5302

18

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

19

20

21

22

23

24

25

-2-

1 | Peter K. Strojnik, Arizona State Bar No. 026082
THE LAW FIRM OF PETER K. STROJNIK
2 | 3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
3 | Telephone: 408-655-0984
Facsimile: 602-264-1441
4 | E-mail: *pksesq@aol.com*
Website: Strojniklaw.com
5 | Attorney for Plaintiff





JAN - 8 2009

MICHAEL K. JEANES, CLERK
K. SULLIVAN
DEPUTY CLERK

6

7 | ### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
### IN AND FOR THE COUNTY OF MARICOPA

8 | PETER STROJNIK, P.C., an Arizona          ) NO. CV2008-031720
Corporation; PETER STROJNIK, an           )
9 | individuial,                             )
                                          )   **RULE 4.2 DECLARATION OF SERVICE BY**
10 |                                        )   **MAIL OF PERSON OUTSIDE OF ARIZONA**
                          Plaintiffs,  )
11 |                                        )          **(Mary Claire Phan)**
       vs.                                 )
12 |                                        )
HEART TRONICS, INC. et al.,                )
13 |                                        )
                          Defendants.  )
14

15 | The undersigned hereby makes the following Declaration under the penalty of perjury under the laws of

16 | the State of Arizona:

17 | 1. My name is Peter K. Strojnik. I have personal knowledge of all statements made herein.

18 | 2. Defendant Mary Claire Phan is known to be located outside of the State of Arizona.

19 | 3. The summons and a copy of the Complaint, Civil Cover sheet and Certificate of Arbitration

20 | were dispatched to Defendant Phan.

21 | 4. Such papers were in fact received by Defendant Phan on December 22, 2008 (see attached).

22 | 5. The date of receipt by the party being served and the date of return of the receipt to the sender is

23 | December 22, 2008 and December 29, 2008.

24

25

-1-

1    RESPECTFULLY SUBMITTED THIS 6th day of January, 2009.

2
                               **PETER K. STROJNIK**

3

4
                               Peter K. Strojnik
                               Attorney for Plaintiff

5

6

7

8    **SENDER:** *COMPLETE THIS SECTION*           *COMPLETE THIS SECTION ON DELIVERY*

9    ■ Complete items 1, 2, and 3. Also complete    A. Signature
    item 4 if Restricted Delivery is desired.    X          □ Agent

10   ■ Print your name and address on the reverse            □ Addressee
    so that we can return the card to you.    B. Received by (*Printed Name*)   C. Date of Delivery
    ■ Attach this card to the back of the mailpiece,             12-2-2
    or on the front if space permits.

11
                          D. Is delivery address different from item 1? □ Yes
12   1. Article Addressed to:               If YES, enter delivery address below: □ No

    Mary Claire Phan
13       5885 W. 74th St.
    Los Angeles, CA
14                90045

15                           3. Service Type
                        ☒ Certified Mail   □ Express Mail
                        □ Registered   □ Return Receipt for Merchandise
16                           □ Insured Mail   □ C.O.D.
                        4. Restricted Delivery? (*Extra Fee*)   □ Yes

17   2. Article Number
    (*Transfer from service label*)     408 1140 0001 4699 5296

18   PS Form **3811**, February 2004     Domestic Return Receipt       102595-02-M-1540

19

20

21

22

23

24

25

-2-

1  Peter K. Strojnik, Arizona State Bar No. 026082
   THE LAW FIRM OF PETER K. STROJNIK
2  3030 North Central Avenue, Suite 1401
   Phoenix, Arizona 85012
3  Telephone: 408-655-0984
4  Facsimile: 602-264-1441
   E-mail: *pksesq@aol.com*
5  Website: Strojniklaw.com
   Attorney for Plaintiff



COPY

JAN - 8 2009

MICHAEL K. JEANES, CLERK
K. SULLIVAN
DEPUTY CLERK

6

7
## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

8  PETER STROJNIK, P.C., an Arizona          ) NO. CV2008-031720
   Corporation; PETER STROJNIK, an          )
9  individiual,                             )
                                            )  **RULE 4.2 DECLARATION OF SERVICE BY**
10                                          )  **MAIL OF CORPORATE ENTITY OUTSIDE OF**
                             Plaintiffs, )     **ARIZONA**
11                                          )
          vs.                               )        **(Heart Tronics, Inc.)**
12                                          )
   HEART TRONICS, INC. et al.,              )
13                                          )
                             Defendants. )
14

15  The undersigned hereby makes the following Declaration under the penalty of perjury under the laws of

16  the State of Arizona:

17      1.  My name is Peter K. Strojnik.  I have personal knowledge of all statements made herein.

18      2.  Defendant Heart Tronics, Inc. is known to be located outside of the State of Arizona.

19      3.  The summons and a copy of the Complaint, Civil Cover sheet and Certificate of Arbitration

20          were dispatched to Defendant Heart Tronics, Inc. care of its registered agent Incorporating

21          Services, Ltd.

22      4.  Such papers were in fact received by Defendant Heart Tronics, Inc. care of Incorporating

23          Services on December 23, 2008 (see attached).

24      5.  The date of receipt by the party being served and the date of return of the receipt to the sender is

25          December 23, 2008 and December 29, 2008.

-1-

RESPECTFULLY SUBMITTED THIS 6th day of January, 2009.

**PETER K. STROJNIK**

Peter K. Strojnik
Attorney for Plaintiff

---

**SENDER:** *COMPLETE THIS SECTION*

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

Heart Tronics, Inc
c/o its Registered Agent
Incorporating Services LTD
3500 S. Dupont Hwy
Dover, DELAWARE
         19001

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X _Salli Fulkerson_     ☑ Agent
                        ☐ Addressee

B. Received by (*Printed Name*)     C. Date of Delivery
  S Fulkerson                          12/23/08

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☑ Certified Mail     ☐ Express Mail
   ☐ Registered         ☐ Return Receipt for Merchandise
   ☐ Insured Mail       ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*)          ☐ Yes

2. Article Number          7008 1140 0001 4699 5258
   (*Transfer from service label*)

PS Form 3811, February 2004      Domestic Return Receipt.         102595-02-M-1540

-2-

# EXHIBIT C

1  Peter Kristofer Strojnik, Esq.
   California State Bar No. 242728
2  Arizona State Bar No. 026082
3  THE LAW FIRM OF PETER K. STROJNIK
   3030 North Central Avenue, Suite 1401
4  Phoenix, Arizona 85012
   Telephone: 602-297-3019
5  Facsimile: 602-264-1441
6  Email: pksesq@aol.com

7  Attorney for Plaintiffs

8
                IN THE SUPERIOR COURT IN THE STATE OF ARIZONA
9
                IN AND FOR THE COUNTY OF MARICOPA  CV2008 - 031720
10

11 PETER STROJNIK, P.C., an Arizona        ) NO.
12 Corporation; PETER STROJNIK, an         )
   individual,                            )      **CERTIFICATE OF ARBITRATION**
13                                         )
                            Plaintiffs,   )
14                                         )
15         vs.                            )
                                          )
16 HEART TRONICS, INC., a Delaware        )
   Corporation f/k/a Signalife, Inc.; JOSEPH )
17 CYRIL MAHER, II, an individual d/b/a   )
   THE LAW OFFICES OF JOSEPH C.           )
18 MAHER; ALICIA DORA MAHER, an           )
   individual; POLLET, RICHARDSON &       )
19 PATEL, a California Law Corporation;    )
   LUAN KINH PHAN, an individual;         )
20 MARY CLAIRE PHAN, an individual;       )
21 DAVID ZEV RIBAKOFF, an individual;     )
   JANE DOE RIBAKOFF, an individual;      )
22 ABC DEFENDANTS 1-50,                   )
                                          )
23                                         )
                            Defendants.   )
24 _____

25
   ///

COPY
DEC 1 5 2008
MICHAEL K. JEANES, CLERK
JAMES
DEPUTY CLERK

-1-

1    The above cause is NOT subject to compulsory arbitration.

2

3    RESPECTFULLY SUBMITTED this 12th day of December, 2008.

4

5                                    THE LAW FIRM OF PETER K. STROJNIK

6

7                                    By:  Peter Kristofer Strojnik
                                     Attorney for the Plaintiff
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1   Peter Kristofer Strojnik, Esq.
    California State Bar No. 242728
2   Arizona State Bar No. 026082
3   THE LAW FIRM OF PETER K. STROJNIK
    3030 North Central Avenue, Suite 1401
4   Phoenix, Arizona 85012
    Telephone: 602-297-3019
5   Facsimile: 602-264-1441
6   Email: pksesq@aol.com

7   Attorney for Plaintiffs

8

9               IN THE SUPERIOR COURT IN THE STATE OF ARIZONA

                IN AND FOR THE COUNTY OF MARICOPA CV2008 - 031720
10

11  PETER STROJNIK, P.C., an Arizona        ) NO.
12  Corporation; PETER STROJNIK, an         )
    individual,                             )    **CERTIFICATE OF ARBITRATION**
13                                          )
                              Plaintiffs,   )
14                                          )
15          vs.                             )
                                            )
16  HEART TRONICS, INC., a Delaware         )
    Corporation f/k/a Signalife, Inc.; JOSEPH )
17  CYRIL MAHER, II, an individual d/b/a    )
    THE LAW OFFICES OF JOSEPH C.            )
18  MAHER; ALICIA DORA MAHER, an            )
    individual; POLLET, RICHARDSON &        )
19  PATEL, a California Law Corporation;    )
    LUAN KINH PHAN, an individual;          )
20  MARY CLAIRE PHAN, an individual;        )
21  DAVID ZEV RIBAKOFF, an individual;      )
    JANE DOE RIBAKOFF, an individual;       )
22  ABC DEFENDANTS 1-50,                    )
23                                          )
                              Defendants.   )
24  _____

25  ///

-1-

1        The above cause is NOT subject to compulsory arbitration.

2

3     RESPECTFULLY SUBMITTED this 12th day of December, 2008.

4

5                           **THE LAW FIRM OF PETER K. STROJNIK**

6

7                           By:  Peter Kristofer Strojnik
                            Attorney for the Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25