1  Christopher G. Stuart  (AZ Bar No. 012378)
2  Attorney at Law
   4310 North 75th Street
3  Scottsdale, Arizona 85251
4  Tel.: (480) 874-9898
   Fax: (602) 990-7860
5  Email: christopher.stuart@azbar.org
6  Attorneys for Defendant Joseph C. Maher, II, an
   individual d/b/a The Law Offices of Joseph C. Maher
7

8                  **UNITED STATES DISTRICT COURT**
9
10                 **DISTRICT OF ARIZONA - PHOENIX**

11 PETER STROJNIK, P.C., an Arizona        CASE NO.:      09-CV-128
   Corporation; PETER STROJNIK, an         [Hon. Frederick J. Martone]
12 individual,

13
14          Plaintiffs,                    **DEFENDANT JOSEPH C. MAHER'S**
                                           **NOTICE OF MOTION AND MOTION**
15     vs.                                 **TO DISMISS FOR LACK OF**
                                           **PERSONAL JURISDICTION, OR IN**
16 HEART TRONICS, INC., a Delaware         **THE ALTERNATIVE, TO TRANSFER**
   Corporation f/k/a Signalife, Inc.;      **THE ACTION TO THE CENTRAL**
17 JOSEPH CYRIL MAHER, II, an              **DISTRICT OF CALIFORNIA;**
   individual d/b/a THE LAW OFFICES        **MEMORANDUM OF POINTS AND**
18 OF JOSEPH C. MAHER; ALICIA              **AUTHORITIES**
   DORA MAHER, an individual;
19 POLLET, RICHARDSON & PATEL, a           **[F.R.C.P., 12(b)(2), 28 U.S.C. § 1404(a)]**
20 California Law Corporation; LUAN
   KINH PHAN, an individual; MARY
21 CLAIRE PHAN, an individual; DAVID
   ZEV RIBAKOFF, an individual; JANE
22 DOE RIBAKOFF, an individual; ABC        **Request for Oral Argument**
23 DEFENDANTS 1-50,
24
25          Defendants.
26

27

28

                              - 1 -
-------------------------------------------------------------

# **TABLE OF CONTENTS**

TABLE OF CONTENTS…………………………………………………    2

TABLE OF AUTHORITIES…………………………………………...    3

NOTICE……………………………………………………………...    5

MEMORANDUM OF POINTS AND AUTHORITIES………………………..    6

I.      INTRODUCTION………………………………………………..    6

II.     THE CASE SHOULD BE DISMISSED FOR
        LACK OF PERSONAL JURISDICTION……………………………..    7

III.    A.  THERE IS A COMPLETE LACK OF CONTINUOUS
            FREQUENT CONTACTS NECESSARY FOR
            GENERAL JURISDICTION IN ARIZONA………………………...    9

        B.  PLAINTIFFS CANNOT ESTABLISH SPECIFIC
            JURISDICTION EITHER………………………………………    10

IV.     ALTERNATWELY, THIS CASE SHOULD BE
        TRANSFERRED TO THE CENTRAL DISTRICT
        OF CALIFORNIA……………………………………………...    11

V.      CONCLUSION………………………………………………    12

CERTIFICATE OF SERVICE……………………………………………..    13

-----------------------------------------------------------------
NOTICE OF MOTION AND MOTION TO DISMISS

1

# <u>TABLE OF AUTHORITIES</u>

2

<u>PAGE</u>

**FEDERAL CASES:**

3

4

*A.J. Industries. Inc. v. United States District Court*,
503F.2d 384 (9thCir.1974)…………………………………………………     10

5

6

*AT&T v. Compagnie Bruxelles Lambert*,
94 F.3d 586 (9th Cir.1996)……………………………………….........     8, 9

7

8

*Core-Vent Corp. v. Nobel Industries AB*,
11 F.3d 1482 (9th Cir. 1993)…………………………………………….........     10

9

10

*Doe v. North American Red Cross*,
112F.3d1048 (9thCir.1997)…………………………………………………     7

11

12

*Doe v. Unocal Corp.*,
248 F.3d 915 (9th Cir.200l)…………………………………………………     8, 9

13

14

*Gator.com Corp. v. L.L. Bean. Inc.*,
341 F.3d 1072 (9th Cit 2003)…………………………………….................     9

15

16

*Glencore Grain Rotterdam B.V. v. Shivnath Raj Harnarin Co.*,
17 284 F.3d 1114 (9th Cit 2002)…………………………………….................   7, 8, 10

17

18

*Harris Rutsky & Co. Ins. Services. Inc. v. Bell & Clements Ltd.*,
328 F.3d 1122 (9th Cir. 2003)…………………………………………………     10

19

20

*Helicopteros Nacionales de Colombia.. S.A. v. Hall*,
466U.S.408 (1984)…………………………………………………………     9

21

22

*International Shoe Co. v. Washington*,
326 U.S. 310 (1945)…………………………………………………………..     8

23

24

*Lake v.Lake*,
817 F.2d 1416 (9th Cir. 1987)…………………………………………………     10

25

26

*Metropolitan Life Insurance Co. v. Robertson-Ceco Corp.*,
84 F.3d 560 (2d Cir.), *cert. denied*, 516 U.S. 1006 (1996)……………………     9

27

28

**-------------------------------------------------------------**

1

*Omeluk v. Langsten Slip & Batbyggeri A/S,*
52 F.3d 267 (9th Cir. 1995)…………………………………………………...                9

2

*Van Dusen v. Barrack,*
376 U.S. 612 (1964)………………………………………………………..                10

3

4

5

**OTHER AUTHORITIES:**

6

Federal Rule of Civil Procedure 12(b)(2)……………………………………                5

7

28 U.S.C. §1404(a)…………………………………………………………...                5, 10

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-------------------------------------------------------------------------------
NOTICE OF MOTION AND MOTION TO DISMISS

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE THAT** Defendant JOSEPH CYRIL MAHER, II, an individual d/b/a THE LAW OFFICES OF JOSEPH C. MAHER PLEASE will and hereby does move pursuant to Federal Rule of Civil Procedure 12(b)(2) for an order dismissing this Action on the ground that the Court lacks personal jurisdiction over him, or alternatively, for an order pursuant to 28 U.S.C. § 1404(a) transferring this action to the Central District of California on the grounds that such a transfer would serve the convenience of parties and witnesses and the interests of justice and the jurisdictional requirements are met in the Central District.

The Motion will be made in the above-captioned Court, located at Sandra Day O'Connor U.S. Courthouse, 401 W. Washington Street, Suite 130, SPC 1, Phoenix, AZ 85003-2 118. This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Joseph C. Maher, all papers on file in this action, any matter that may be judicially noticed, and any such other and further matters as this Court may consider.

Defendant Requests oral argument.

DATED: February 12, 2009.          Respectfully submitted,
                                   CHRISTOPHER G. STUART

                          BY: s/ Christopher G Stuart                  .
                                   Christopher G. Stuart  (AZ Bar No. 012378)
                                   Attorney at Law
                                   4310 North 75th Street
                                   Scottsdale, Arizona 85251
                                   Tel.: (480) 874-9898
                                   Fax: (602) 990-7860
                                   Email: christopher.stuart@azbar.org
                                   Attorneys for Defendant Joseph C. Maher, II,
                                   an individual d/b/a The Law Offices of
                                   Joseph C. Maher

NOTICE OF MOTION AND MOTION TO DISMISS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

This is a case in which Plaintiffs have filed a frivolous lawsuit seeking to coerce defendants into paying nuisance settlement money to go away.   Plaintiffs allege that they were wrongfully sued in a previous state court action in California by Signalife, Inc., now known as Defendant Heart Tronics, Inc. ("the Prior California Action"). In that Prior California Action filed on June 12, 2008, Signalife sought a declaratory order stating that it did not send out a junk fax to Plaintiffs and was not liable to Plaintiffs.  Signalife did so in response to demand letters it received from Plaintiffs threatening suit if Signalife did not pay off Plaintiffs.

Signalife was originally represented by Richardson Patel LLP, with attorneys from that firm Luan Kinh Phan ("Mr. Phan") and David Ribakoff ("Mr. Ribakoff") in the Prior California Action.  On July 11, 2008, Plaintiff Strojnik filed a motion to quash based on the lack of personal jurisdiction, with defendant as one of the attorneys.  On or about September 3, 2008, Richardson & Patel LLP was substituted out as counsel for Signalife and replaced by defendant Joseph Maher, and thereafter, on October 16, 2008, the California court granted a motion to quash filed by Plaintiff.

Plaintiffs claim that Defendants committed abuse of process by prosecuting the Prior California Action.  Plaintiffs further claim they suffered $22,000 in damages in the form of attorneys' fees in the Prior California Action.  Plaintiffs now seek "no less than $5,000,000.00" in punitive damages.  Plaintiffs have cast a broad net, suing not only Signalife (now known as Heart Tronics), but also all the lawyers, and the wives of the lawyers, who had absolutely nothing to do with the lawsuit.  Plaintiffs have named defendants who are all non-Arizona residents.

In a bad faith tactic, Plaintiffs also sued the wives of the lawyers purely to harass and coerce settlement.  Defendant Joseph C. Maher's wife is among the wives named in the complaint, but she is not served as of this date (and her mention here is

- 6 -

1  for information only and is not an appearance by her).  She is not a lawyer; and has

2  had absolutely nothing to do with the Prior California Action whatsoever.

3  Mr. Joseph C. Maher is a life-long California resident and now moves to

4  dismiss the Complaint in this action for lack of personal jurisdiction, or in the

5  alternative, to transfer venue to the Central District of California.  Mr. Maher

6  respectfully submits that he does not have sufficient contacts with Arizona to justify

7  hailing him into an Arizona court.  Mr. Maher has never had continuous contacts with

8  Arizona to justify "general jurisdiction." Nor is there a basis to establish specific

9  jurisdiction because Plaintiffs' claims do not arise out of any purposeful contact he

10  had with Arizona.

11  Alternatively, the matter should be transferred to California because California

12  is in fact the location where, except for Plaintiffs, all of the defendants, witnesses and

13  documentary evidence are located. Thus, Mr. Maher alternatively requests that the

14  Court transfer this matter to the Central District of California based on the doctrine of

15  forum non conveniens.

16

17  **II.**

18  **THE CASE SHOULD BE DISMISSED FOR**

19  **LACK OF PERSONAL JURISDICTION**

20  In a removal case such as this, the federal court's personal jurisdiction over a

21  defendant is limited in extent to the personal jurisdiction the original state court

22  properly could have under the state's long-arm statute and federal due process

23  requirements.  In this case, Arizona has a long-arm statute that is intended to have the

24  full reach permissible under the federal Constitution, so the applicable authorities are

25  those establishing federal due process limitations on a state court's exercise of

26  personal jurisdiction, specifically the minimum contacts requirements.  *Doe v. North*

27  *American Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997); *see, Glencore Grain*

28  *Rotterdam B.V. v. Shivnath Rail Harnarin Co.*, 284 F.3d 1114, 1123 (9th Cit. 2002).

1    Generally, the Supreme Court has stated that, in order for a court's assertion of

2    personal jurisdiction over a defendant to satisfy due process, the defendant must have

3    "minimum contacts" with the forum state "such that the maintenance of the suit does

4    not offend traditional notions of fair play and substantial justice." *International Shoe*

5    *Co. v. Washington*, 326 U.S. 310, 316 (1945) (quotation marks omitted), There are

6    two primary bases for exercise of personal jurisdiction over a defendant: (1) "general

7    jurisdiction," requiring the defendant to have broad and frequent contacts with the

8    forum state; and (2) "specific jurisdiction," which may rest on more limited contacts

9    specifically related to the is plaintiffs cause of action. *Glencore Grain Rotterdam B.V.*

10    *v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002).

11    In either case, jurisdiction must be based on the defendant's purposeful contacts

12    with the forum state:

13    Whether dealing with specific or general jurisdiction, the touchstone

14    remains "purposeful availment." By requiring that "contacts proximately

15    result from actions by the defendant himself that create a 'substantial

16    connection' with the forum State, the Constitution ensures that "a

17    defendant will not be haled into a jurisdiction solely as a result of

18    'random,' 'fortuitous,' or 'attenuated' contacts."

19    *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co*., 284 F.3d at 1123

20    (emphasis by the court).  Neither basis is present here, as incontrovertibly established

21    by the affidavits accompanying this Motion.

22    The burden of establishing a basis for jurisdiction is on the plaintiff. Where, as

23    Here, the defendant moves to dismiss as its initial response to the complaint, a

24    plaintiff must meet his burden by making at least a *prima facie* showing that personal

25    jurisdiction exists.  *Doe v. Unocal Corp*., 248 F.3d 915, 922 (9th Cir.2001); *American*

26    *Telephone & Telegraph Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588-89

27    (9th Cir. 1996).  The plaintiff may not rely on mere allegations in his complaint when

28    those are controverted by factual affidavits submitted by the defendant.  Rather, the

1   plaintiff must produce admissible evidence which, if believed, would be sufficient to

2   establish the existence of personal jurisdiction:

3       It is the plaintiff's burden to establish that a district court has

4       jurisdiction. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001)

5       (citation omitted).  For purposes of a Motion to Dismiss, the plaintiff's

6       version of the facts are assumed to be true unless directly controverted. *Id.*

7       "'[C]onflicts between the facts contained in the parties' affidavits must be

8       resolved in [plaintiffs'] favor for purposes of deciding whether a *prima*

9       *facie* case for personal jurisdiction exists.'" *Id.* (quoting *AT&T v.*

10      *Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir.1996)).

11  *Gator.com Corp. v. L.L. Bean. Inc.*, 341 F.3d 1072, 1075-76 (9th Cir. 2003). [If the

12  Court determines to hold an evidentiary hearing, the plaintiff must establish the

13  necessary facts by a preponderance of the evidence.  *Metropolitan Life Insurance Co.*

14  *v, Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir., *cert. denied*, 516 U.S. 1006

15  (1996)].

16      Here, Plaintiffs cannot meet their burden of establishing a basis for personal

17  jurisdiction over Mr. Maher. As explained below, the indisputable facts show a

18  complete absence of meaningful contacts between them and Arizona.

19

20                          **III.**

21                          **A.**

22      **THERE IS A COMPLETE LACK OF CONTINUOUS, FREQUENT**

23      **CONTACTS NECESSARY FOR GENERAL JURISDICTION IN ARIZONA**

24      To establish general jurisdiction over Mr. Maher in Arizona, Plaintiffs must

25  prove that they have had "substantial, continuous, and systematic" contacts with

26  Arizona.  *Helicopteros Nacionales de Colombia. S.A. v. Hall*, 466 U.S. 408, 416

27  (1984); *Doe v. Unocal Corp.*, 248 F.3d at 925; *Omeluk v. Langsten Slip & Batbygeri*

28  *A/S*, 52 F.3d 267, 270 (9th Cir. 1995).  Such contacts must be such as to "approximate

- 9 -

1  physical presence" by the defendant in the forum.  *Glencore Grain Rotterdam B .V. v.*

2  *Shivnath Rai Harnarain Co*., 284 F.3d at 1124.

3        Mr. Maher has had no such continuous or substantial contacts with Arizona.  As

4  set forth in his Declaration, Mr. Maher is a life-long California resident.  He has never

5  visited the state of Arizona.  He does not own or lease any property in Arizona, nor

6  have any office, business facility, or business operations of any kind in Arizona.  He

7  does not conduct financial transactions in Arizona.  He does not pay any income,

8  franchise, business license, employment, or property taxes to the State of Arizona or

9  any of its political subdivisions.  He has never before been a party in an Arizona

10  lawsuit.  Mr. Maher caused to be filed in Arizona one case unrelated to the Plaintiffs

11  or the present action under the auspices of the law firm Stoops, Denious, Wilson &

12  Murray, which case was filed and dismissed 6 days later.  [Decl. of Maher.]

13        Thus, there is no basis for general jurisdiction over Mr. Maher in Arizona.

14

15  **B.**

16  **PLAINTIFFS CANNOT ESTABLISH SPECIFIC JURISDICTION EITHER**

17        To establish specific jurisdiction, Plaintiffs must prove each of the following

18  three required elements:

19        "(1) the non-resident defendant must purposefully direct his

20        activities or consummate some transaction with the forum or resident

21        thereof or perform some act by which he purposefully avails himself of the

22        privileges of conducting activities in the forum, thereby invoking the

23        benefits and protections of its laws; (2) the claim must be one which arises

24        out of or relates to the defendant's forum-related activities; and (3) the

25        exercise of jurisdiction must comport with fair play and substantial justice,

26        i.e. it must be reasonable."

27

28

--------------------------------------------------------------

1  *Harris Rutsky & Co. Ins. Services. Inc. v. Bell & Clements Ltd.*, 328 Rid 1122, 1129

2  (9th Cir. 2003) (quoting, *Core-Vent Corp. v. Nobel Industries AS*, 11 F.3d 1482, 1485

3  (9th Cir.1993) and *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir.1987)).

4        Here, Plaintiffs claims arise out of actions that occurred in California.  Plaintiffs

5  allege two causes of action arising out of the Prior California Action — (1) Abuse of

6  Process and (2) Civil Conspiracy to Commit Abuse of Process.  In a nut shell,

7  Plaintiffs allege that they never should have been named as Defendants in the Prior

8  California Action because, Plaintiffs assert that the California court lacked personal

9  jurisdiction over them.  Plaintiffs allege that the filing of the Prior California action

10  against them was an abuse of process.  Plaintiffs have not — and cannot — establish

11  that their claims arise out of any purposeful contact in Arizona by Mr. Maher (or any

12  other defendant).  Thus, there is no basis for specific jurisdiction either.

13

14  **IV.**

15  **ALTERNATIVELY, THIS CASE SHOULD BE TRANSFERRED TO THE**

16  **CENTRAL DISTRICT OF CALIFORNIA**

17        In the alternative, Mr. Maher requests that the Court transfer this action to

18  the United States District Court for the Central District of California under 28 U.S.C.

19  §1404(a). Section 1404(a) allows this Court to make such a transfer "[f]or the

20  convenience of parties, witnesses and in the interests of justice," where the transferee

21  court would have subject matter and personal jurisdiction over the case and parties

22  and where venue would be proper.  It is apparent from the Complaint that this action

23  has virtually nothing to do with Arizona. None of the Defendants reside in Arizona.

24  The witnesses in this matter (other than Plaintiffs) are located in the Central District of

25  California.  There are no pertinent records in Arizona.  The entire basis for Plaintiffs'

26  Complaint — i.e., the filing of the Prior California Action — occurred in California.

27  Balancing the location of the defendants, witnesses and evidence, there is good cause

28  to transfer the ease to the Central District of California.  *See, Van Dusen v. Barrack*,

- 11 -

1  376 U.S. 612, 616 (1964); *AL Industries, Inc. v. United States District Court*, 503 F.2d

2  384, 389 (9th Cir. 1974).

3

4                                              **V.**

5                                      **CONCLUSION**

6      Plaintiffs cannot meet their burden of proving any basis for personal jurisdiction

7  over Mr. Maher in Arizona.  The Complaint should be dismissed, or alternatively, the

8  action should be transferred to the Central District of California.

9  DATED: February 12, 2009.              Respectfully submitted,
                                          CHRISTOPHER G. STUART
10

11

12                                 BY: s/ Christopher G Stuart                .
                                       Christopher G. Stuart  (AZ Bar No. 012378)
13                                     Attorney at Law
                                       4310 North 75th Street
14                                     Scottsdale, Arizona 85251
15                                     Tel.: (480) 874-9898
                                       Fax: (602) 990-7860
16                                     Email: christopher.stuart@azbar.org
17                                     Attorneys for Defendant Joseph C. Maher, II,
                                       an individual d/b/a The Law Offices of
18                                     Joseph C. Maher

19

20

21

22

23

24

25

26

27

28

                                    - 12 -
--------------------------------------------------------------------

## CERTIFICATE OF SERVICE

1

2       The undersigned hereby certifies that a copy of DEFENDANT JOSEPH C.

3   MAHER'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF

    PERSONAL JURISDICTION, OR IN THE ALTERNATIVE, TO TRANSFER THE

4   ACTION TO THE CENTRAL DISTRICT OF CALIFORNIA; MEMORANDUM

5   OF POINTS AND AUTHORITIES has been served this 12th day of February, 2009,

    via electronically or by other means on all counsel of record, as indicated below.

6

| | |
|---|---|
| 7<br>8<br>9<br>10<br>11<br>12<br>13 | Peter Kristofer Strojnik, Esq.<br>THE LAW FIRM OF PETER K.<br>STROJNIK<br>3030 North Central Avenue<br>Suite 1401<br>Phoenix, Arizona 85012<br>Tel.: (602) 297-3019<br>Fax: (602) 264-1441<br>Email: pksesq@ao1.com<br>Attorney for Plaintiffs - By ECF. | Luan Kinh Phan<br>Mary Claire Phan<br>5885 West 74th Street<br>Los Angeles, CA 90045<br>Tel.:(310) 216-6724<br>Fax: (310) 943-2126<br>Defendants In Pro Se - By Mail. |
| 14<br>15<br>16<br>17<br>18<br>19 | David Z. Ribakoff<br>6080 Center Drive<br>Suite 610<br>Los Angeles, CA 90045<br>Tel.: (310) 242-5600<br>Fax: (310) 943-2126<br>Defendant In Pro Se - By ECF. | |

20                    BY: s/ Christopher G Stuart                    .

21                         Christopher G. Stuart  (AZ Bar No. 012378)

22                         Attorney at Law

                         4310 North 75th Street

23                         Scottsdale, Arizona 85251

                         Tel.: (480) 874-9898

24                         Fax: (602) 990-7860

25                         christopher.stuart@azbar.org

                         Attorneys for Defendant Joseph C. Maher, II,

26                         an individual d/b/a The Law Offices of

27                         Joseph C. Maher

28

------------------------------------------------------------