| | |
|---|---|
| 1 | LUAN KINH PHAN (SBN 185985) |
| 2 | IN PRO PER |
|   | 5885 W. 74th Street |
| 3 | Los Angeles, CA 90045 |
| 4 | Telephone: (310) 216-6724 |
|   | Facsimile: (310) 943-2126 |
| 5 | Email: lkplaw@yahoo.com |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PETER STROJNIK, P.C., an Arizona Corporation; PETER STROJNIK, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> HEART TRONICS, INC., a Delaware Corporation f/k/a Signalife, Inc.; JOSEPH CYRIL MAHER, II, an individual d/b/a THE LAW OFFICES OF JOSEPH C. MAHER; RICHARDSON & PATEL, LLP, a California limited liability partnership; LUAN KINH PHAN, an individual; DAVID ZEV RIBAKOFF, an individual; ABC DEFENDANTS 1-50, <br><br> Defendants. | Case No. CV09-4096 GHK (RZx) <br><br> Hon. George H. King <br> Dept.: 650 <br><br> **NOTICE OF SPECIAL MOTION AND SPECIAL MOTION TO STRIKE PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16 AND REQUEST FOR ATTORNEYS' FEES, ON BEHALF OF PLAINTIFF LUAN K. PHAN; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SPECIAL MOTION** <br><br> Hearing Date: August 31, 2009 <br> Hearing Time: 9:30 AM <br><br> Complaint Filed: December 15, 2008 <br> Discovery Cut-Off: Not Set <br> Trial Date: Not Set |

i

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

YOU ARE HEREBY NOTIFIED that on August 31, 2009 at 9:30 AM or as soon thereafter as the matter may be heard in Department 650 of this Court, located at Los Angeles, California, defendant Luan K. Phan ("Mr. Phan") will move pursuant to *Code of Civil Procedure* § 425.16 ("Anti-SLAPP") to strike Plaintiff Peter Strojnik, P.C. and Plaintiff Peter Strojnik's action in its entirety against Mr. Phan (the Causes of Action of the Complaint on file herein) on the ground that the allegations of the Complaint arise out of Mr. Phan's exercise of his right to free speech under the California State and Federal Constitutions, and it is not probable that Plaintiffs will prevail on the claim. California's Anti-SLAPP statute applies in federal court. *United States v. Lockheed Missiles & Space Co.*, 190 F.3d 963 (9th Cir. 1999).

This motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on July 12, 2009. *Decl. of Luan K. Phan* ("Phan Decl.") at ¶2. The motion will be based upon this Notice, the attached memorandum of points and authorities in support, the Declaration of Luan K. Phan filed concurrently herewith, the records and files in this action, and such other and further evidence as may be presented prior to or at the hearing.

DATED: August 7, 2009            Respectfully submitted,


                                 By:  /s/ Luan K. Phan
                                      Luan K. Phan in Pro Per

## TABLE OF AUTHORITIES

**Cases**

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th (1994) .................. 3, 8

*Briggs v. Eden Council for Hope & Opportunity*, 19 Cal.4th (1999) ....................... 4, 5

*Chavez v. Mendoza*, 94 Cal.App.4th (2001) ................................................................. 5

*Church of Scientology v. Wollersheim*, 42 Cal.App.4th (1996) ............................... 2, 5

*City of Cotati v. Cashman*, 29 Cal.4th (2002) ............................................................... 5

*Lafayette Morehouse, Inc. v. Chronicle Publishing Co.*, 37 Cal.App.4th (1995) .......... 4

*Ludwig v. Superior Court*, 37 Cal.App.4th ................................................................... 5

*Navellier v. Sletten*, 29 Cal.4th (2002) ............................................................... 4, 6, 7

*Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma*,
    42 Cal.3d (1986) ........................................................................................................ 6

*People v. Beaumont Inv., Ltd.*, 111 Cal.App.4th (2003) ................................................ 8

*Rubin v. Green,* 4 Cal.4th (1993) ............................................................................. 3, 7

*Silberg v. Anderson*, 50 Cal.3d (1990) ......................................................................... 7

*Simmons v. Allstate Insurance Co.*, 92 Cal.App.4th (2001 ........................................... 5

*United States v. Lockheed Missiles & Space Co.*, 190 F.3d (9th Cir. 1999) ............. ii, 4

*Wilson v. Parker, Covert & Chidester*, 28 Cal.4th (2002) ........................................ 5, 6

**Statutes**

*Code of Civil Procedure* § 425.16 ....................................................... ii, 1, 2, 3, 4, 5, 6, 9

# TABLE OF CONTENTS

I. PRELIMINARY STATEMENT………………………..…………………1

II. ARGUMENT ……………………………………………...……………3

    A. Standard of Review ……………………….…………………..3

    B. Plaintiffs' Claims Arise From Mr. Phan's Privileged Actions ………….5

    C. There Is No Probability That Plaintiffs Can Prevail ……………………6

        1. Plaintiffs Cannot Prevail on Their Abuse of Process Claim ………...6

        2. Plaintiffs Cannot Prevail on Their Civil Conspiracy Claim …………8

    D. Mr. Phan Is Entitled to Recover the Attorney Fees Incurred in Bringing this Motion ……………………………………………………8

III. CONCLUSION ……………………………………………………..9

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  PRELIMINARY STATEMENT

Defendant Luan K. Phan ("Mr. Phan") files this motion to strike the claim filed by Plaintiffs Peter Strojnik, P.C. and Peter Strojnik, an individual (hereinafter collectively referred to as "Plaintiffs").  The motion to strike is made pursuant to Section 425.16 of the *California Code of Civil Procedure*, California's anti-SLAPP law, which protects Mr. Phan in filing a complaint for declaratory relief on behalf of his former client, Signalife, Inc., now known as Defendant Heart Tronics, Inc.

This is a case in which Plaintiffs have filed a frivolous lawsuit seeking to extort defendants into paying nuisance settlement money to go away.  Plaintiffs allege that they were wrongfully sued in a previous state court action in California by Signalife, Inc. ("the Prior California Action").  In that Prior California Action, Signalife filed a simple declaratory relief action seeking a declaratory order stating that it did not send out a junk fax to Plaintiffs and was not liable to Plaintiff.  Signalife did so in response to demand letters it received from Plaintiffs threatening suit if Signalife did not pay off Plaintiffs. *Phan Decl.* at ¶ 3.

Signalife was originally represented by Richardson Patel, LLP in that Prior California Action, with defendant Mr. Phan as one of the attorneys.  On or about September 3, 2008, Richardson & Patel, LLP was substituted out as counsel for Signalife and replaced by defendant Joseph Maher.  After Richardson & Patel was no longer counsel, the California court apparently dismissed the Prior California Action.

Plaintiffs filed their Complaint for Damages against Defendants and their wives in Arizona Superior Court on December 15, 2008. *See Plaintiffs' Complaint*. Plaintiffs claim that Defendants committed abuse of process and civil conspiracy by prosecuting the Prior California Action alleging that the lawsuit should have been filed in Arizona. *See Plaintiffs' Complaint* ¶¶ 48-57.  Plaintiffs further claim they suffered $22,000 in damages in the form of attorneys' fees in the Prior California Action. *See Plaintiffs' Complaint* ¶¶ 58(a).  Plaintiffs now seek "no less than

$5,000,000.00" in punitive damages. *See Plaintiffs' Complaint* ¶¶ 58(c).

Defendants Mr. Phan and his wife, Mary Claire Phan ("Mrs. Phan"), filed a Notice of Removal on January 21, 2009. *Phan Decl.* at ¶ 5. Subsequently, Mr. and Mrs. Phan filed a Notice of Motion and Motion to Dismiss for Lack of Personal Jurisdiction, or alternatively, Motion to Transfer the case to California on February 9, 2009 since all of the defendants reside in California. *Phan Decl.* at ¶ 6. On March 16, 2009, Plaintiffs dismissed the wives of Defendants Mr. Phan, David Z. Ribakoff, and Joseph C. Maher and filed an amended complaint that is substantially the same as Plaintiffs' original complaint. *See Plaintiffs' First Amended Complaint*. Plaintiffs merely removed their allegations against the wives of the attorneys involved. *Id*. In response to Plaintiffs' amended complaint, Mr. Phan filed another Motion to Dismiss or Transfer the case to California on April 2, 2009. *Phan Decl.* at ¶ 8. On June 9, 2009, Plaintiffs' action was transferred to the above-captioned court in California.

Plaintiffs' action against Mr. Phan is meritless as it arises out of conduct protected by the litigation privilege. In *Church of Scientology v. Wollersheim*, the Court held that "[a] cause of action 'arising from' defendant's litigation activity may appropriately be the subject of a section 425.16 motion to strike." 42 Cal.App.4th 628, 648 (1996). *Cal. Civ. Proc. Code* § 425.16(e), states that an "act in furtherance of a person's right of petition or free speech under the United States or California constitution in connection with a public issue" includes "any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law." Since Plaintiffs' claim against Mr. Phan arises from Mr. Phan's filing a complaint for declaratory relief on behalf of his client (Signalife) in the Previous California Action, the anti-SLAPP statute applies to protect this exercise of litigation activity.

Once the Court reviews the merits of Plaintiffs' claims, it will find there is no abuse of process. In their claims against Mr. Phan, Plaintiffs allege that "Defendants engaged in the willful acts in the use of the judicial process for an ulterior motive not

2

1  proper in the regular conduct of the proceedings." *Plaintiffs' First Amended*
2  *Complaint at ¶ 46*. However, nothing could be further from the truth. When he acted
3  as Signalife's former counsel at his prior firm, Mr. Phan merely filed an action
4  seeking declaratory relief for his former client, Signalife. Signalife sought to clear its
5  name and simply prove that it did not send out the junk faxes that Plaintiffs alleged.
6  Plaintiff cannot adduce any evidence that Mr. Phan had any malicious intent or
7  ulterior motive. Mr. Phan's actions are protected by the litigation privilege. The
8  litigation privilege protects lawyers from actions taken during judicial proceedings
9  from tort liability. *Rubin v. Green,* 4 Cal.4th 1187, 1193 (1993). Thus, filing of the
10 Prior California Action is shielded from the abuse of process claim.

11 The mere fact that the Prior California Action was later dismissed apparently
12 because subsequent counsel for Signalife did not take actions ordered by the Court has
13 no bearing on Mr. Phan since he had already been substituted out as counsel by
14 Signalife.

15 Moreover, the Court will find no merit in Plaintiffs' civil conspiracy claim.
16 Plaintiffs' civil conspiracy claim requires that Defendants agreed to commit the tort of
17 abuse of process. *Plaintiffs' First Amended Complaint* at ¶ 50; *Applied Equipment*
18 *Corp. v. Litton Saudi Arabia Ltd*., 7 Cal.4th 503, 511 (1994). Since Plaintiffs' abuse
19 of process claim has no merit as explained above, Plaintiffs' civil conspiracy claim
20 cannot stand alone and also fails. *Id*.

21 Because Plaintiffs' claims work to chill and punish Mr. Phan's exercise of his
22 constitutional rights to free speech, the Court should grant this special motion to strike
23 pursuant to *Cal. Civ. Proc. Code* § 425.16 ("Anti-SLAPP Motion").

24 **II.   ARGUMENT**
25    **A.   Standard of Review**
26 Under California's statute attacking Strategic Lawsuits Against Public
27 Participation ("Anti-SLAPP statute"), a cause of action against a person "arising from
28 any act of that person in furtherance of the person's right of petition or free speech

under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." *Cal. Civ. Proc. Code* § 425.16(b)(1).

The purpose of a SLAPP suit is to chill or punish a party's exercise of constitutional rights to free speech and to petition the government for redress of grievances. *Briggs v. Eden Council for Hope & Opportunity*, 19 Cal.4th 1106, 1109, fn. 1 (1999). The Legislature enacted the Anti-SLAPP statute to provide a procedural remedy to dispose of lawsuits that are brought to chill the valid exercise of constitutional rights. *Lafayette Morehouse, Inc. v. Chronicle Publishing Co.*, 37 Cal.App.4th 855, 865 (1995).

California's Anti-SLAPP statute applies in federal court. *United States v. Lockheed Missiles & Space Co.*, 190 F.3d 963 (9th Cir. 1999).

When determining whether to grant an anti-SLAPP motion, the Court engages in a two-step process. First, the defendant must make a prima facie showing that the challenged causes of action arise from acts in furtherance of the right of petition or free speech in connection with a public issue. *Cal. Civ. Proc. Code* § 425.16(b)(1); *Navellier v. Sletten*, 29 Cal.4th 82, 88 (2002). The statute describes four categories that will qualify:

> "(1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest; (4) or any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." *Cal. Civ. Proc. Code* § 425.16(e).

If the court finds that a defendant has met the prima facie showing, it then must

consider whether <u>plaintiff</u> has demonstrated a probability of prevailing on its claims. *City of Cotati v. Cashman*, 29 Cal.4th 69, 76 (2002) (emphasis added).  In order to do so, the plaintiff must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment. *Wilson v. Parker, Covert & Chidester*, 28 Cal.4th 811, 821 (2002).

If the court grants the motion, it must dismiss the action.  *Simmons v. Allstate Insurance Co.*, 92 Cal.App.4th 1068, 1073 (2001).  The court may not grant leave to amend the complaint.  *Id.*

### B. Plaintiffs' Claims Arise From Mr. Phan's Privileged Actions.

As stated in *Chavez v. Mendoza*, it is "well established that filing a lawsuit is an exercise of a party's constitutional right of petition." 94 Cal.App.4th 1083, 1087 (2001).  This "constitutional right to petition…includes the basic act of filing litigation or otherwise seeking administrative action."  <u>Id</u>.  (citing *Briggs v. Eden Council for Hope and Opportunity*, 19 Cal.4th 1106, 1115 (1999); *Ludwig v. Superior Court*, 37 Cal.App.4th at 19, 43).  Moreover, the "filing of a judicial complaint satisfies the 'in connection with a public' component of section 425.16, subdivision (b)(1) because it pertains to an official proceeding." *Id*. (citing *Briggs*, 19 Cal.4th at 1109).  Thus, "[a] cause of action 'arising from' defendant's litigation activity may appropriately be the subject of a section 425.16 motion to strike."  *Church of Scientology v. Wollersheim*, 42 Cal.App.4th 628, 648 (1996).

Here, Plaintiffs have brought suit against Mr. Phan for abuse of process and civil conspiracy.  These causes of action stem from Mr. Phan's filing of the Complaint for Declaratory Relief on behalf of Signalife in the Prior California Action.  Thus, these causes of action arise from the protected activity of filing litigation and are subject to a section 425.16 motion to strike.  *Id.*

Plaintiffs are suing Mr. Phan because Mr. Phan exercised his constitutional right to file a complaint for declaratory relief on behalf of his client.  Accordingly, because Plaintiffs' claim arises from Mr. Phan's filing of the complaint on behalf of

Signalife, Mr. Phan meets the prima facie showing required by *Cal. Civ. Proc. Code* § 425.16(b)(1).

### C. There Is No Probability That Plaintiffs Can Prevail.

"[I]f a court…concludes [that] the challenged cause of action arises from protected petitioning, it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim. To satisfy this [requirement], the plaintiff must state and substantiate a legally sufficient claim. Put another way, the plaintiff must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Wilson v. Parker, Cover & Chidester*, 28 Cal.4th 811, 821 (2002) [citations and quotations omitted].

Before Mr. Phan's defenses are even considered by the court, Plaintiffs must first demonstrate with competent evidence and legal authority that it can prevail against Mr. Phan. *See Navellier v. Sletten*, 106 Cal.App.4th 763, 775 (2004) (where the court held that plaintiff has the burden in papers opposing the special motion to strike to show a probability of prevailing on his claims). If Plaintiffs fail to do so, the action must be dismissed as against Mr. Phan on this motion without reaching the merits of any of the defenses outlined below.

#### 1. Plaintiffs Cannot Prevail on Their Abuse of Process Claim.

In order to prevail on an abuse of process claim, Plaintiffs must establish that Mr. Phan: (1) contemplated an ulterior motive in using the process; and (2) willfully acted in a manner not proper in the regular conduct of the proceedings. *Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma*, 42 Cal.3d 1157, 1168 (1986).

In support of this cause of action against Mr. Phan, Plaintiffs produce evidence that: 1) Signalife filed a Complaint for Declaratory Relief against Plaintiffs in response to Plaintiffs' demand letters they sent trying to extort Signalife into paying nuisance settlement money to go away (*See Plaintiff's First Amended Complaint, Exhibit 3*); 2) a three page letter Plaintiffs sent to Mr. Phan on June 23, 2008 that

1  demanded a dismissal of the complaint (*See Plaintiff's First Amended Complaint,*
2  *Exhibit 4*); and 3) an Ex Parte Application filed by Defendants requesting a 75-day
3  continuance of the August 8, 2008 Motion to Quash hearing date in response to
4  Plaintiffs' Motion to Quash (*See Plaintiff's First Amended Complaint, Exhibit 5*).

5       Plaintiffs cannot prevail on their claim for abuse of process because there is no
6  evidence tending to show that Mr. Phan took any action on behalf of Signalife with
7  malicious intent or with an ulterior motive.  Also, Plaintiffs cannot show that Mr.
8  Phan otherwise acted outside the realm of proper litigation conduct when filing the
9  Complaint for Declaratory Relief and the Ex-Parte Application in the Previous
10 California Action.

11      Moreover, Mr. Phan's actions are protected by the litigation privilege.  The
12 litigation privilege protects speech that is a publication or broadcast made in a judicial
13 proceeding.  *California Civil Code* Section 47.  In fact, the "privilege applies to any
14 communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or
15 other participants authorized by law; (3) to achieve the objects of the litigation; and
16 (4) that have some connection or logical relation to the action."  *Silberg v. Anderson*,
17 50 Cal.3d 205, 212 (1990).  As a result, "communications with 'some relation' to
18 judicial proceedings" are protected by the litigation privilege and "absolutely immune
19 from tort liability."  *Rubin v. Green,* 4 Cal.4th 1187, 1193 (1993).  The only tort that
20 the litigation privilege does not have immunity from is malicious prosecution.  *Silberg*
21 *v. Anderson*, 50 Cal.3d 205, 212 (1990).

22      In order to determine whether an act is protected under the litigation privilege,
23 it must be determined that the alleged causes of action stemmed from acts that were
24 communicative in nature.  *Rubin v. Green,* 4 Cal.4th 1187, 1196 (1993).  Acts such as
25 "[p]leadings and process in a case are generally viewed as privileged
26 communications."  *Navellier v. Sletten,* 106 Cal.App.4th 763, 770 (2003).  Here, the
27 Plaintiffs' abuse of process claim stems from Mr. Phan's filing of the Complaint for
28 Declaratory Relief in the Prior California Action on behalf of Signalife.  Thus, the

7

filing of the Complaint in the Prior California Action is a communication protected under the litigation privilege. For the foregoing reasons, Plaintiffs cannot prevail on its abuse of process claim.

### 2. **Plaintiffs Cannot Prevail on Their Civil Conspiracy Claim.**

In order to prevail on a civil conspiracy claim, plaintiffs must establish that :(1) there was a formation of the conspiracy (an agreement to commit wrongful acts); (2) an operation of the conspiracy (commission of the wrongful acts); and (3) damage resulting from operation of the conspiracy. *People v. Beaumont Inv., Ltd.*, 111 Cal.App.4th 102, 137 (2003).

A claim for civil conspiracy "must be activated by the commission of an actual tort." *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 511 (1994). As a legal matter, "[c]onspiracy is not a cause of action, but a legal doctrine" that standing alone, "does no harm and engenders no tort liability." *Id.* Thus, if there is no tort, there is no civil conspiracy liability. *Id.*

Plaintiffs cannot prevail on their claim for civil conspiracy because there was no wrongful act committed. Plaintiffs plead that "Defendants agreed among themselves to engage in a course of conduct involving a violation of the common law tort of abuse of process." *Plaintiffs' First Amended Complaint* at ¶ 50. As explained above, Plaintiffs cannot prevail on their abuse of process claim because the filing of the Complaint in the Prior California Action by Mr. Phan on behalf of Signalife was made without malicious intent or ulterior motive, was within the realm of proper litigation, and is a protected communication under the litigation privilege. Since Plaintiffs' abuse of process claim fails, Plaintiffs will not prevail on their civil conspiracy claim because that claim cannot stand on its own. *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 511 (1994).

### D. **Mr. Phan Is Entitled to Recover the Attorney Fees Incurred in Bringing this Motion.**

"[A] prevailing defendant on a special motion to strike [under subdivision (b) of

section 425.16] shall be entitled to recover his or her attorney's fees and costs." *Cal. Civ. Proc. Code* § 425.16(c).  Accordingly, Mr. Phan requests an award of reasonable attorney's fees and costs, as set forth in paragraph 11 of the concurrently filed Declaration of Luan K. Phan.

### III.   CONCLUSION

Based on the foregoing, Mr. Phan respectfully requests the Court grant his special Anti-SLAPP motion to strike Plaintiffs' Claims.

DATED:  August 7, 2009                    Respectfully submitted,


By: /s/ Luan K. Phan
       Luan K. Phan in Pro Per

9


# **PROOF OF SERVICE**

The undersigned hereby certifies that a copy of the **NOTICE OF SPECIAL MOTION AND SPECIAL MOTION TO STRIKE PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16 AND REQUEST FOR ATTORNEYS' FEES, ON BEHALF OF PLAINTIFF LUAN K. PHAN; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SPECIAL MOTION** has been served on August 7, 2009, via electronically or by other means on all counsel of record, as indicated below:

Peter Kristofer Strojnik, Esq.
The Law Firm of Peter K. Strojnik
3030 North Central Avenue, Suite 1401
Phoenix, Arizona  85012
pksesq@aol.com
*Representing Plaintiffs* – By ECF

Christopher Geoffrey Stuart
4310 N 75th St
Scottsdale, AZ 85251
christopher.stuart@azbar.org
*Representing Heart Tronics, Inc.*– By ECF

Joseph C Maher, II
Law Office of Joseph C Maher
9025 Wilshire Blvd, 5th Floor
Beverly Hills, CA 90211
jcm222law@yahoo.com
*Representing Himself* – By ECF

DAVID Z. RIBAKOFF (SBN 162925)
6080 Center Drive, Suite 610
Los Angeles, CA 90045
dribakoff@lkplaw.com
*Representing Himself* – By ECF

/s/ Luan K. Phan
LUAN KINH PHAN (SBN 185985)
5885 W. 74th Street
Los Angeles, CA 90045
Email: lkplaw@yahoo.com