1  LUAN KINH PHAN (SBN 185985)
2  IN PRO PER
   5885 W. 74th Street
3  Los Angeles, CA 90045
4  Telephone: (310) 216-6724
   Facsimile: (310) 943-2126
5  Email: lkplaw@yahoo.com
6
7
8
9              UNITED STATES DISTRICT COURT
10             CENTRAL DISTRICT OF CALIFORNIA
11
                      WESTERN DIVISION
12
13

| | |
|---|---|
| PETER STROJNIK, P.C., an Arizona Corporation; PETER STROJNIK, an individual, | Case No. CV09-4096 GHK (RZx) |
| | Hon. George H. King |
| | Dept.: 650 |
| Plaintiffs, | |
| v. | **DECLARATION OF LUAN KINH PHAN IN SUPPORT OF DEFENDANT LUAN KINH PHAN'S SPECIAL MOTION TO STRIKE PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16** |
| HEART TRONICS, INC., a Delaware Corporation f/k/a Signalife, Inc.; JOSEPH CYRIL MAHER, II, an individual d/b/a THE LAW OFFICES OF JOSEPH C. MAHER; RICHARDSON & PATEL, LLP, a California limited liability partnership; LUAN KINH PHAN, an individual; DAVID ZEV RIBAKOFF, an individual; ABC DEFENDANTS 1-50, | |
| | Hearing Date: August 31, 2009 |
| | Hearing Time: 9:30 AM |
| | |
| | Complaint Filed: December 15, 2008 |
| | Discovery Cut-Off: Not Set |
| | Trial Date: Not Set |
| Defendants. | |

1

# **DECLARATION OF LUAN KINH PHAN**

I, Luan Kinh Phan, declare as follows:

1.  I am a defendant in this action. I am also a member in good standing of this Court. I have personal knowledge of each fact stated in this declaration and if called as a witness, I could and would competently testify thereto. As to the statements made upon information and belief, I believe them to be true.

2.  Pursuant to Local Rule 7-3, I met and conferred with counsel for Plaintiffs Peter Strojnik, P.C. and Peter Strojnik on July 12, 2009.

3.  On June 12, 2008, Signalife filed a Complaint for Declaratory Relief in the Superior Court of the State of California for the County of Los Angeles. Signalife has since changed its name to Heart Tronics, Inc. At that time, I was a partner in the firm of Richardson Patel LLP, the initial counsel of record for Signalife. That Prior California Action simply sought a Declaratory Relief Order stating that Signalife was not liable to Peter Strojnik for any alleged junk fax. Shortly after filing that lawsuit, Signalife substituted Richardson Patel LLP out for new counsel, Joseph Maher. I am informed and believe that the lawsuit was later dismissed by the Court apparently because Signalife chose not to spend more money on the matter after Mr. Strojnik filed a motion to quash for lack of personal jurisdiction.

4.  On December 15, 2008, plaintiffs Peter Strojnik, P.C. and Peter Strojnik filed this lawsuit against all the attorneys involved in the Prior California Action and their wives – Case No. CV2008-031720. Even though all of the defendants live in California, Mr. Strojnik filed this lawsuit in Arizona Superior Court, County of Maricopa. Mr. Strojnik's lawsuit claims that the prior attorneys and their wives committed abuse of process and civil conspiracy just because Signalife filed the Prior California Action for declaratory relief seeking to protect itself from his extortion demands.

5.  On January 21, 2009, I filed a Notice of Removal to the Arizona action to federal court. The case was removed to the United States District Court, District of

Arizona and given the action number 2:09-cv-128-PHX-FJM.

6. On February 9, 2009, I filed a Motion to Dismiss Plaintiffs' Complaint in action 2:09-cv-128-PHX-FJM for lack of personal jurisdiction.

7. On March 26, 2009, plaintiffs Peter Strojnik, P.C. and Peter Strojnik filed a First Amended Complaint.

8. On April 2, 2009, I filed a Motion to Dismiss Plaintiffs' First Amended Complaint in action 2:09-cv-128-PHX-FJM for lack of personal jurisdiction, or alternatively, to transfer the action to California where all the defendants reside.

9. On May 27, 2009 the Arizona District Court ordered that the case be transferred to the United States District Court for the Central District of California.

10. As explained in the accompanying Memorandum of Points and Authorities, the filing of a Complaint for Declaratory Relief constituted an exercise of First Amendment rights. Additionally, I filed the Complaint for Declaratory Relief without malicious intent or an ulterior motive. I simply sought to help my then client Signalife defend its name and reputation. Mr. Strojnik had demanded that Signalife pay monies for allegedly sending out a junk fax to plaintiff, which Signalife denied doing.

11. I have expended approximately 25 hours in connection with preparing this Motion and its supporting papers. I anticipate spending an additional 15 hours in reviewing any Opposition, preparing a Reply, and attending the hearing on this motion. My standard hourly rate is $400. Accordingly, I request sanctions in the approximate amount of $16,000.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 7th day of August, 2009 at Los Angeles, California.

/s/Luan K. Phan
Luan K. Phan

# PROOF OF SERVICE

The undersigned hereby certifies that a copy of the **DECLARATION OF LUAN KINH PHAN IN SUPPORT OF DEFENDANT LUAN KINH PHAN'S SPECIAL MOTION TO STRIKE PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16** has been served on August 7, 2009, via electronically or by other means on all counsel of record, as indicated below:

Peter Kristofer Strojnik, Esq.
The Law Firm of Peter K. Strojnik
3030 North Central Avenue, Suite 1401
Phoenix, Arizona  85012
pksesq@aol.com
*Representing Plaintiffs* – By ECF

Christopher Geoffrey Stuart
4310 N 75th St
Scottsdale, AZ 85251
christopher.stuart@azbar.org
*Representing Heart Tronics, Inc.*– By ECF

Joseph C Maher, II
Law Office of Joseph C Maher
9025 Wilshire Blvd, 5th Floor
Beverly Hills, CA 90211
jcm222law@yahoo.com
*Representing Himself* – By ECF

DAVID Z. RIBAKOFF (SBN 162925)
6080 Center Drive, Suite 610
Los Angeles, CA 90045
dribakoff@lkplaw.com
*Representing Himself* – By ECF

/s/ Luan K. Phan
LUAN KINH PHAN (SBN 185985)
5885 W. 74th Street
Los Angeles, CA 90045
Email: lkplaw@yahoo.com